In re REINBOTH et al.

(Circuit Court of Appeals, Second Circuit. November 15, 1907.)

No. 48.

1. BANKRUPTCY—ACCOUNTING BY TRUSTEE—EVIDENCE OF NEGLIGENCE IN COLLECTING ASSETS.

   On a settlement of the final account of a trustee in bankruptcy, an objecting creditor offered evidence from the records of the bankruptcy court, showing that the trustee obtained an order directing him to proceed before a commissioner appointed by the court to try the question of the ownership of property in the possession of a third party who claimed a lien thereon, and requiring said third party to give a bond to account for the value of the property in case his lien was held invalid; that the trustee failed to proceed in the matter, and the bond given was subsequently discharged without objection by him, and also evidence to prove that the claimed lien was invalid. *Held*, that such evidence was competent to charge the trustee with negligence, and its exclusion was error.

2. SAME—LIABILITY FOR FAILURE TO COLLECT ASSETS.

   A trustee in bankruptcy is bound to use due diligence to get in the assets of the estate, and may be charged in his account with the value of assets which never came into his possession if he failed in his duty to get them into his possession; and, where a prima facie case of negligence is shown, the burden rests on him to disprove it.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

This is a petition to review an order affirming an order of a referee approving the final account of a trustee in bankruptcy.

Benno Loewy, for petitioner.

M. S. Hogar (Henry B. Singer and Wm. Jno. Barr, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The trustee in bankruptcy filed his final account with the referee. Loewy, a creditor, filed exceptions to the account. A hearing was had before the referee, at which this creditor offered certain evidence which was excluded. The referee then passed the account. The excepting creditor, alleging error, appealed to the District Court to review the action of the referee. The District Court affirmed the action of the referee, and the creditor brings the present petition for review.

The question presented is whether the referee erred in excluding evidence, written and oral, offered by the excepting creditor. The written evidence offered was substantially as follows: (1) A sworn petition by the trustee to the District Court in these proceedings, stating that he had received notice that one Stiner would sell at auction certain property belonging to this bankrupt estate to satisfy an alleged lien thereon, and praying for an order staying the sale. The trustee stated that the sources of his information in the matter were two affidavits and a notice of lien annexed to "and made a part of this petition." (2) The affidavit of Frank L. Crocker—one of the two affidavits made a part of the trustee's petition—stated that he was attorney for the trustee; that the assets of the bankrupt estate consisted of merchandise deposited in warehouses, the receipts for which were held by said Stiner; that said Stiner became possessed of said warehouse receipts wrongfully, and that the sale of the property covered by said receipts, which said Stiner proposed to make, would result in the sacrifice of the bankrupt estate. (3) The affidavit of Max Reinboth—the second affidavit made a part of the trustee's petition—stated at great length that he was a member of the bankrupt firm of Reinboth Bros., which, before the failure, had been doing business in Germany; that his firm had been represented in this country by one Metz, to whom they shipped certain wine which was stored in a warehouse and receipts given therefor—the warehouse receipts before mentioned—that said Metz, without authority and for his own benefit, transferred said receipts to said Stiner as collateral for certain indebtedness for most of which the firm was not responsible. (4) Stiner's notice of lien with accompanying schedules of the alleged indebtedness and of the property pledged. (5) The order of the District Court directing said Stiner to sell said property so held by him at auction after notice to the trustee and upon filing a bond in $10,000 to answer any damages which might come to the trustee in case it should be determined that said Stiner was not lawfully in possession of said property. This order further directed the trustee within 10 days of its entry to file a petition before a special commissioner to determine the question of the title to said property; said Stiner being also directed to appear and waive jurisdictional questions. (6) The order of the District Court, and the amendment thereto, appointing a special commissioner to determine

the title to said property, and to assess the damages in case it should be found that Stiner's possession thereof was unlawful. (7) A petition by Stiner to the District Court, more than a year after the foregoing proceedings, showing that the trustee had done nothing to have the title to said property determined, and praying for the cancellation of the $10,000 bond. (8) The order of the District Court upon Stiner's petition, made without opposition, canceling the bond.

The trustee in his final account having made no reference to the said property or to the $10,000 bond, the excepting creditor offered the foregoing petition, affidavits, and orders as a part of the proof in support of his claim that the trustee's account should be surcharged with the value of said property on account of his negligence in failing to get it in, and in failing to enforce the bond which stood in its place. While the referee intimated that he might consider some of the papers in so far as they contained admissions of the trustee, the practical effect of his rulings was to wholly exclude all of them. This was error. The question of primary importance in the case was whether the trustee had lost the assets of the estate through his negligence. The evidence offered was the records in these very proceedings. Evidence of this nature, showing that the trustee had petitioned the court to interfere with respect to said property upon the ground that it belonged to the bankrupt estate, that he had received a bond to answer for said property and had been directed to try out the title thereto, and yet did nothing and allowed the bond to be canceled, at least tended to show the trustee's negligence. It might not be too much to say that, standing alone, this evidence cast the burden upon the trustee to explain why he failed to obey the court's direction, and why he let the bond go. But it is not necessary for us to determine whether there should be a rehearing on account of the exclusion of the written evidence alone. In addition thereto, the excepting creditor called one of the bankrupts as a witness, and started to inquire concerning the ownership of said property. The referee, however, excluded this whole line of inquiry, upon the ground that such evidence was immaterial, because it had not been shown that the property ever came into the hands of the trustee.

The referee misconceived the law. A trustee may be charged with the value of assets which never came into his possession if he failed in his duty to get them into his possession. Trustees in bankruptcy, like executors and administrators, are bound to use due diligence to get in the assets of the estate—to secure possession of the tangible property and collect the debts. If they fail in their duty, they may be charged in their accounts with the value of the assets thereby lost. If they take no steps to secure property or collect debts, of which they have knowledge, they are presumptively negligent. The burden is upon them to explain their failure to act. Harrington v. Keteltas, 92 N. Y. 40; O'Connor v. Gifford, 117 N. Y. 275, 22 N. E. 1036; Anderson v. Piercy, 20 W. Va. 324; Sterling v. Wilkinson, 83 Va. 791, 3 S. E. 533; Tuttle v. Robinson, 33 N. H. 120; 3 Williams on Executors, 331. The ground upon which the referee excluded the evidence being unfounded, his action in doing so was erroneous. The evidence as to the ownership of the property and as to its sale as an

alleged pledge should all have been received. As it was excluded, we cannot tell how far it would have gone. Certainly it need not have gone far, in view of the trustee's action in suffering the bond to be canceled, and in failing to obey the direction of the court, to throw upon him the burden of showing that he did his duty.

It is possible that, if the excepting creditor had been permitted to put in his whole testimony, he could have shown no more than a prima facie case. It is not improbable that the trustee could readily have explained his inaction. But the creditor did not have an opportunity to present his case, and the trustee offered no explanation.

The order of the District Court is reversed, with costs.