## In re LEIGH.

### CHICAGO RAILWAY EQUIPMENT CO. et al. v. LAUGHLIN.

(Circuit Court of Appeals, Seventh Circuit.    January 31, 1921.)

#### No. 2885.

1. **Bankruptcy ⬤⟳372—Court has discretion to reopen proceedings without determining that the sale was voidable.**

    The District Court has discretion to grant the petition of one creditor to reopen the bankruptcy estate for the appointment of the trustee to bring suit, if justified by the situation, to cancel the sale of the bankrupt's assets, where it was alleged that assets had been concealed and the sale thereby made for grossly inadequate price, without first determining whether the sale was voidable.

2. **Bankruptcy ⬤⟳446—Validity of sale of assets not reviewable on petition to revise order reopening estate to have that question determined.**

    On petition to revise an order of the District Court reopening a bankruptcy estate for the purpose of having determined whether the sale of the assets was voidable, the validity of the sale, which depended on disputed facts, cannot be considered, but that question can be determined only on appeal from a decree based on a final hearing of a bill to set aside the sale, since a proceeding to review an order in bankruptcy is limited to matters of law arising on an undisputed and indisputable record or finding of ultimate facts.

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the estate of Edward B. Leigh, bankrupt. On petition by the Chicago Railway Equipment Company and another to review an order of the District Court, entered on petition of Henry D. Laughlin, to reopen the estate of the bankrupt, because the bankrupt had fraudulently concealed from the trustees assets which had been sold to petitioners. Petition to review denied.

Certiorari denied 255 U. S. ——, 41 Sup. Ct. 537, 65 L. Ed. ——.

John H. S. Lee, of Chicago, Ill., for petitioners.
Louis E. Hart, of Chicago, Ill., for respondent.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. This is an original proceeding in this court to revise and have vacated an order of the District Court reopening the estate of the bankrupt, Leigh. On the petition of respondent, Laughlin, the District Court made the order, and the basis of it was probable cause to believe that the assets of the estate had not been fully administered because the bankrupt had fraudulently concealed assets from the trustee. Laughlin notified the equipment company and the bank, petitioners here, of the pendency of his application to reopen the estate. They appeared and resisted the reopening on the ground that the trustee had sold at judicial sale under order of court the bankrupt's interest in the assets in question and they were purchasers thereof in good faith. Laughlin in response introduced evidence tending to prove that the petitioners were purchasers in behalf of the bankrupt, that at the sale the petitioners and the bankrupt suppressed from the trustee and from possible competitive bidders material facts, and that the price obtained at the sale, in view of the suppressed facts, not discovered until after the estate was closed, was shockingly inadequate.

[1] Petitioners' contention is that the District Court was without lawful power to reopen the estate, except upon a finding that the judicial sale was voidable. But Laughlin was only one of the creditors. He had no standing to frame an issue on behalf of all creditors against the equipment company and the bank to avoid the judicial sale. On Laughlin's petition or motion to reopen, which in its essential nature was an ex parte appeal to the sound discretion of the District Court, the question was whether a situation was disclosed that required or justified the reopening of the estate and the selection of a new trustee in order that a bill on behalf of all creditors might be filed to seek the cancellation of the judicial sale. With respect to that question we approve the way in which the District Court exercised its discretion.

[2] That the question of invalidity of the judicial sale is not now reviewable by this court results not only from the authority of the District Court to reopen the estate without prejudging the invalidity of the judicial sale, but as well from a comparison of the limited nature of the present proceeding in this court with the contentions of the opposing parties. Laughlin asserts that from the evidence now in the record and from the inferences properly deducible the invalidity of the judicial sale is established, while the equipment company and the bank urge the converse. Such a dispute is determinable here only on appeal from a decree based on a final hearing of a bill to set aside the judicial sale. An original proceeding in this court to review an order of the District Court in bankruptcy proceedings is limited to matters of law arising on an undisputed and indisputable record or finding of ultimate facts.

It should be needless to say that the order reopening the estate is not an adjudication of the petitioners' rights to the assets in question.

The petition is denied.