## CHAPPEL v. FIRST TRUST CO. OF APPLETON, WIS., et al.

### No. 161.

District Court, E. D. Wisconsin.
Jan. 8, 1940.

Frank E. McAllister, of Chicago, Ill., for plaintiff.

Fisher, Cashin & Reinholdt, of Stevens Point, Wis., for Wisconsin Valley Trust Co.

Miller, Mack & Fairchild, of Milwaukee, Wis., for Wisconsin Public Service Corporation and J. P. Pulliam.

DUFFY, District Judge.

The Tomahawk Pulp and Paper Company was a Wisconsin corporation. It issued bonds in the sum of $500,000, secured by a trust deed dated February 1, 1922, upon real estate and certain physical assets of the company. Prior to default, this bond issue was reduced to $200,000. The defendant First Trust Company of Appleton was the indenture trustee. The plaintiff is the owner of several of said bonds of the face value of $3,200. After default, a foreclosure action was commenced in the Circuit Court of Lincoln County, Wisconsin, and on April 15, 1930, the defendant Wisconsin Valley Trust Company was appointed receiver in such foreclosure action. On April 24, 1930, creditors of the Tomahawk Pulp and Paper Company filed an involuntary petition in bankruptcy in the District Court of the Western District of Wisconsin, and on May 20, 1930, the Tomahawk Pulp and Paper Company was adjudicated bankrupt. On June 9, 1930, the defendant Wisconsin Valley Trust Company was elected trustee in bankruptcy and on July 15, 1930, qualified as such. On the same day the Circuit Court of Lincoln County passed on the final account of the Wisconsin Valley Trust Company as receiver, and directed that the assets be turned over to the trustee in bankruptcy. On July 24, 1936, the Wisconsin Valley Trust Company, as trustee, filed its final report and on September 12, 1936, the trustee was discharged. The plaintiff brings her action on behalf of herself and all other parties similarly situated.

The defendants K. S. Dickinson, M. D. Smiley, and F. E. Ballister were, according to the complaint, a "self-constituted bondholders protective committee," and it is alleged that the defendant Smiley was also a vice-president of the defendant First Trust Company of Appleton.

Answers have been filed in behalf of the defendants First Trust Company of Appleton, K. S. Dickenson, F. E. Ballister, Consolidated Water Power and Paper Company, and the Tomahawk Kraft Paper Company.

The complaint alleges that by reason of a conspiracy between defendant Wisconsin Valley Trust Company and other defendants, involving the management and handling of the bankrupt estate of the Tomahawk Pulp and Paper Company by said trust company, as trustee in bankruptcy, the plaintiff and other holders of bonds were divested of their security on property which was covered by the trust deed hereinbefore mentioned. It is alleged that the Wisconsin Valley Trust Company, as trustee in bankruptcy, sold and disposed of assets of the bankrupt then in its hands as trustee, for less than their fair value, and thereby damaged the plaintiff and other holders of said bonds.

The complaint alleges that the object of the conspiracy was to sell and transfer to the defendant Wisconsin Public Service Corporation, for a nominal and inadequate consideration, valuable properties, including dam sites, which belonged to the Tomahawk Pulp and Paper Company.

It is clear from a reading of the complaint that the charges against the Wisconsin Valley Trust Company relate entirely to its conduct as trustee in bankruptcy. If the Wisconsin Valley Trust Company failed to perform any duty, it was as such trustee in bankruptcy.

This matter is before the court on a motion of the Wisconsin Valley Trust Company to dismiss as to it this action for the following reasons: (1) Because the court lacks jurisdiction over the subject matter of this action; (2) because the court lacks jurisdiction of the subject matter of this action as between the plaintiff and the defendant Wisconsin Valley Trust Company; and (3) because the court lacks jurisdiction over the person of said defendant Wisconsin Valley Trust Company.

[1, 2] A trustee in bankruptcy is an officer of the court which appoints him. If his conduct is wrongful as to the assets belonging to the bankrupt estate, he is accountable to the bankruptcy court and to no other. His accounts may be surcharged for any loss that his wrongful conduct may have occasioned. In re Reinboth, 2 Cir., 157 F. 672, 16 L.R.A.,N.S., 341; In re Webster Loose Leaf Filing Co., D.C., 252 F. 959; and Carson, Pirie, Scott & Co. v. Turner, 6 Cir., 61 F.2d 693.

■ When the adjudication in bankruptcy is made, the assets of the bankrupt are in the custody of the bankruptcy court and no other court has any authority to administer them. Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S. Ct. 96, 56 L.Ed. 208.

■ Proceedings in bankruptcy are proceedings in rem and all persons concerned, including creditors, are deemed to be parties to the proceedings. Michaels v. Post, 21 Wall. 398, 22 L.Ed. 520; Hanover National Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113.

■ There can be no question but that the bankruptcy court had exclusive jurisdiction of the assets of the bankrupt during the time that the bankruptcy was pending. Does a different situation present itself after the closing of the bankrupt estate?

Section 11(8) of Title 11, U.S.C.A. gives the following powers to the bankruptcy court: "close estates, whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administered."

It has been held that it is proper for the bankruptcy court to reopen the bankruptcy estate where the petition for the reopening shows that the assets of the bankrupt were sold at a grossly inadequate price. In re Leigh, 7 Cir., 272 F. 678; certiorari denied, 256 U.S. 698, 41 S.Ct. 537, 65 L.Ed. 1177.

The plaintiff alleges that the conduct of the trustee caused the loss of a very large part of the bankrupt estate. If such transactions were set aside, the assets would be restored to the bankrupt estate, and such assets would be considered as not having been theretofore administered. No court other than the bankruptcy court would have any authority or jurisdiction to pass on that question. Such sums as might be recovered from the Wisconsin Valley Trust Company would surely go into the bankrupt estate. The jurisdiction of the court in bankruptcy is exclusive. United States Fidelity and Guaranty Co. v. Bray, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055. The complaint in effect alleges that Wis-

consin Valley Trust Company, while acting as trustee in bankruptcy, perpetrated a fraud upon the court which appointed it. No other court would have any jurisdiction to purge such a fraud.

It is for the bankruptcy court alone to say what losses have been suffered by the bankrupt estate, because of any misconduct of the trustee. This court has no jurisdiction in the matter, and an order may be entered dismissing this action as to the Wisconsin Valley Trust Company.