In the Matter of the Application of GUSTAVE TOBIE LIPSCHUTZ, GERMAINE SCHAISON LIPSCHUTZ, and GUSTAVE TOBIE LIPSCHUTZ and GERMAINE SCHAISON LIPSCHUTZ, as Guardians of the Person of MICHEL SRAER and Others, Their Infant Children, for Leave to Assume the Names of GERALD DAVID LIPTON, JOAN CHAISON LIPTON, MICHAEL JOHN LIPTON, ALAN JOEL LIPTON and DANIEL BERNARD LIPTON, Respectively.

Supreme Court, Queens County, November 17, 1941.

*Otterbourg, Steindler & Houston*, for the petitioners.

CUFF, J. Application by a father and mother, joined by their three infant children, for an order changing their surnames. This family came to this country as quota entries from France in August of this year. They left France because they feared persecution. The adults have applied for their first citizenship papers. This country is to be their permanent abode. They have renounced allegiance to France. They, of course, may not become citizens of the United States under our law until after the expiration of five years from the date when they arrived here. The earliest date when citizenship may be conferred upon them, therefore, would be about August, 1946. While applications of this nature, to wit, to change the name, have heretofore met with occasional judicial refusal where the applicant was not a citizen, on the ground that an alien is not entitled to the benefit of such judicial decree, I find no statutory authority that supports such a view. The applicants or anybody may change their names without asking the approval of the court at any time and, provided fraud was not the inspiration for the act, the new name will be as effectively assumed and recog-

nized as if its use had been provided for by a court order. (*Smith v. United States Casualty Co.*, 197 N. Y. 420.) There can be no doubt that the more useful way from the applicant's viewpoint to change his name is to have the date and the circumstances perpetuated by court records and thus disarm those who would attach an ulterior motive to the desire for the change. To make the change by judicial decree has been recommended. (*Matter of Slobody*, 173 N. Y. Supp. 514.) I am not unmindful of the fact that these applicants have been in our country but a few months. From their petitions and my own knowledge of affairs in France, I sympathize with their determination to erase as far as possible their former national affiliation from the records as well as from their own minds. I think they are sincere. There can be no just criticism of their efforts to accomplish that end speedily. The application is granted.