OPINION OF THE COURT
Gloria Goldstein, J.
This petition for a change of name presents an intriguing question of law which appears to have been resolved, at the nisi prius level, at least, in differing ways. The essential issue involved is whether United States citizenship is a legal prerequisite to a successful change of name application.
Petitioner is an alien from Russia who entered the United States on May 8, 1980, pursuant to section 212 (subd [d], par [5]) of the Immigration and Nationality Act (US Code, tit 8, § 1182, subd [d], par [5]). By virtue of the said act, she is permitted to remain in the United States indefinitely (in *1007 accordance with the "refugee” status that has been granted her) and she presently resides in the County of Kings.
Petitioner was born on September 7, 1954 in Novoselitsa, Union of Soviet Socialist Republic, and her surname was "Novogorodskaya” — a name that her family was compelled to assume. This name connoted her ethnic background and, not unlike Nathaniel Hawthorne’s "Scarlet Letter”, stigmatized and otherwise afflicted its bearer. Having reached our shores just one month ago, petitioner now seeks to throw off the burdensome yoke of an unwanted, even despised surname, and to assume her true family name.
The common law has heretofore permitted a change of name to be made, provided such change was made in good faith and for an honest and genuine purpose, by merely adopting a new name and holding one’s self out thereunder without ever applying for a court order. (Smith v United States Cas. Co., 197 NY 420.) This right has been extended to aliens. (See Matter of Lipschutz, 178 Misc 113.) In addition to the common-law methods of name change, the Civil Rights Law gave rise to a formal judicial procedure. (See Matter of "Shipley”, 26 Misc 2d 204; see, also, Civil Rights Law, art 6.) The statutory method is clearly preferable since it is "speedy, definite and a matter of record” (Smith v United States Cas. Co., supra, p 429).
The court is of the opinion that section 60 of the Civil Rights Law is dispositive of the essential question presented for that section mandates that a change of name applicant establish "residency”, but nowhere is citizenship required. It is apparent that the terms are neither synonymous nor interdependent.
A single lower court case, reported some 70 years ago (Matter of Burstein, 69 Misc 41) required that a change of name applicant allege that he has been a citizen for at least six months prior to the institution of a proceeding of this nature. The Burstein case, however, was questioned by a Supreme Court, Kings County, determination (Matter of Slobody, 173 NYS 514), and totally disregarded by the Supreme Court, Queens County, case of Matter of Lipschutz (supra).
Any person, including an alien, should be allowed to change his name in good faith as he desires, provided such change would not violate any statutory provision or overriding public policy. No public policy will be served by requiring this petitioner to wait until six months after she becomes a citizen *1008 before she may apply for a name change. Most refugees enter our land with some measure of confidence that the future will somehow be "a better one” in this great country. To be fettered by an unwanted, even hated, surname would most substantially interfere with the ability of this refugee to experience the legitimate blessings of freedom. Particular is this true where no statutory proscription exists to deny petitioner what appears to be a lifelong desire.
Petitioner’s application is granted in its entirety, upon the express condition, however, that a true copy of the order of change of name be served upon the District Director of the Immigration and Naturalization Service within five days after entry of the within order.