OPINION OF THE COURT
Bernard F. McCaffrey, J.
The novel question presented here is, whether the court in its discretion should authorize the change of name requested where the petitioner candidly states in his application that the change of name is sought because the filing and adjudication of the petitioner as a bankrupt has seriously impaired his effectiveness and ability to engage in a meaningful business manner, notwithstanding his discharge in bankruptcy and payment of other obligations. Petitioner claims that the stigma of bankruptcy attached to his name has, in the past, and at present continues to irreparably harm him. No reported New York cases on point are found in this question.
The issue is timely and important, particularly considering the drastic increase in the number and nature of personal bankruptcy proceedings. Though most bankruptcy proceedings involve unfortunate situations where honest debtors have succumbed to overwhelming and adverse financial or personal circumstances, there are, nevertheless, numerous other instances involving the dishonest debtors who have utilized the bankruptcy proceedings as a ploy to reap the benefits of personal loans, business loans, or government loans (e.g., student loans) without making just repayment.
The petitioner submits this ex parte application for a change of name under the provisions of section 60 of the Civil Rights Law. He states that he filed a voluntary *175 petition of bankruptcy in the Federal Court for the Eastern District of New York on February 16, 1965, and subsequently received a discharge.
The common law recognizes the right to change one’s name without the necessity of legal proceedings, and the purpose of the statutory procedure, in part, is basically to have, whenever possible, a record of the change. (Smith v United States Cas. Co., 197 NY 420.) Courts are duty bound to prevent events which might result from a change of name, and to discover any attempt at fraud, duplicity or chicanery as a result of a change of name. (Matter of Middleton, 60 Misc 2d 1056.)
While a person has the right to personally change his name, section 63 of the Civil Rights Law provides that before making an order authorizing the petitioner to assume a proposed name, the court must be satisfied “that there is no reasonable objection to the change of name proposed”.
“Primarily, the court is charged with examining whether the name sought to be assumed will be a source of or instrumentality for fraud, evasion or interference with the rights of others”. (Matter of Thompson, 82 Misc 2d 460, 461; see Matter of Douglas, 60 Misc 2d 1057; Matter of Anonymous, 57 Misc 2d 813; Matter of Green, 54 Misc 2d 606; Matter of Wing, 4 Misc 2d 840.)
Petitioner has been a resident of Nassau County for several years, was born in Brooklyn, New York, and is 44 years of age. The bankruptcy proceeding was approximately 16 years ago, and involved a corporation in which petitioner was associated. At the present time petitioner is an officer of a corporation and has been known for a number of years under the name that he seeks to legally change his name to.
The petitioner has never been convicted of a crime, and there are no judgments or liens of record, and no actions pending against petitioner in any court of this State or of the United States, or of any governmental subdivision thereof, or elsewhere. There are no bankruptcy or insolvency proceedings, voluntary or involuntary, pending against petitioner in any court whatsoever, or before any *176 officer, person, body or board having jurisdiction thereof, and petitioner has not at any time made an assignment for the benefit of creditors.
There are no claims, demands, liabilities or obligations of any kind whatsoever on a written instrument, or otherwise, against petitioner, and it appears that the petitioner has no creditors who may be adversely affected or prejudiced in any way by the proposed change of name.
Thus, the only reason which appears in any way to warrant any basis for denying this application would be the petitioner’s prior adjudication as a bankrupt. However, if it be urged that there is some guilt or impropriety in petitioner’s conduct as a result of such adjudication, the answer is that bankruptcy statutes were designed to relieve the honest debtor of his obligation and enable him to make a fresh start. (See Stellwagen v Clum, 245 US 605; Williams v United States Fid. Co., 236 US 549; Matter of Swofford Bros. Dry Goods Co., 180 F 549.) Section 61 of the Civil Rights Law provides that a petition for a name change must specify, inter alia, whether or not the petitioner has been adjudicated a bankrupt. However, the statute goes no further than that — it does not prohibit the name change simply because the petitioner has been adjudicated a bankrupt.
It could be suggested that the proposed change of name would be a way of assisting petitioner to deceive persons who, in future dealings, might give him credit which they would not do if they were aware of the fact of the bankruptcy. This very argument was raised in a consideration of a petition in California and was found by the Supreme Court there, in reversing a District Court of Appeals Court, which had affirmed a superior court denial of an application, to be of no substance. (See Matter of Ross, 8 Cal 2d 608.) “Petitioner [Ross] may now, without the aid of any court, deal with persons and secure credit under the name of Keith, if he chooses to assume that name. Creditors who investigate will be unable to find in the public records any indication of the bankruptcy of Keith. But if the decree is given, and a record appears of the change of name from Ross to Keith, creditors will be better enabled through the usual channels to discover the prior bankruptcy of Keith. *177 Hence the granting of the present petition would probably operate to the benefit of future creditors, rather than to their detriment.” (Matter of Ross, supra, p 610.)
Therefore, the court grants the petition for leave to assume the requested name change in place of that of Richard Joel Stempler.