OPINION OF THE COURT
Richard D. Huttner, J.
The petitioner herein, an adult, was adopted by virtue of an order of adoption by this court dated May 27, 1983. He now seeks a further order of this court, pursuant to section 114 of the Domestic Relations Law, authorizing him to change his present surname to that of his adoptive father. This appears to be a case of first impression.
Section 114 of the Domestic Relations Law states in pertinent part: “Order of adoption. If the judge or surrogate is also satisfied that there is no reasonable objection to the change of name proposed, the order shall direct that the name of the adoptive child be changed to the name stated in the agreement of adoption and that henceforth he shall be known by that name.”
Clearly, the aforesaid section authorizes the court to grant the relief requested and to approve a name change for an adoptee irrespective of whether such person is an infant or an adult. Requests of this nature on behalf of infants are commonplace, and unless a reasonable objection exists, are traditionally approved within the context of the adoption proceeding. Despite being empowered to do so, it is this court’s belief that, in the case of adults, a name change should not be routinely approved as an adjunct to an adoption proceeding.
*818 The paramount consideration as to whether a request for a name change should be approved, is the manner and extent it will impact on interested parties. Such concern finds expression and is reflected in section 61 of the Civil Rights Law. Apart from specifying the grounds for the application, the statute requires that a petition pursuant to the Civil Rights Law must also specify whether or not the petitioner has been convicted of a crime or adjudicated a bankrupt. (Civil Rights Law, § 61.) Additionally, the petitioner must give descriptive details of judgments and liens of record against him, as well as actions or proceedings pending in which the petitioner is a party. (Civil Rights Law, § 61.) Moreover, section 63 of the Civil Rights Law requires publication in a county newspaper before finalization of the order.
It is apparent from the clear intent of the statutory scheme of the Civil Rights Law, that the court must be assured that the desired name change is not intended to defraud, is free of misrepresentation, and will not interfere with the rights of others. (Matter of Halligan, 46 AD2d 170.) The court must also be satisfied that the intended name change is not of such a nature as to confuse or mislead the public. (Matter of Thompson, 82 Misc 2d 460.) There is also a common-law right to assume whatever name is desired and persons may assume another name without court order. Even if an individual assumes a new name under his common-law right, rather than by court order, such right is conditioned upon the use of the name being free from fraud and misrepresentation and that it does not interfere with the rights of others. (Matter of Carol B., 81 Misc 2d 284.)
When an infant seeks a name change, the issues of fraud, deceit, misrepresentation and protection of the public are less relevant factors. It is this court’s belief, however, that the safeguards against defrauding the public contained in article 6 of the Civil Rights Law are so vital to the public interest, that a petition by an adult under section 114 of the Domestic Relations Law for a name change should contain the same sworn statements and should provide for publication as is required by article 6 of the Civil Rights Law.
*819 Although, arguably, this court has jurisdiction to order a name change for an adult adoptee once the procedures in article 6 of the Civil Rights Law are complied with, such relief is more properly within the jurisdiction of the Civil Court of the City of New York for the following reasons:
First, for the protection of both the petitioner and the public, a public record should be created in order to memorialize the change of name. Secondly, all papers filed in an adoption proceeding are not only confidential, but, in fact, the entire record is sealed. (Domestic Relations Law, § 114.) This sealing requirement would frustrate the intent of section 63 of the Civil Rights Law which requires that a copy of the name change order be available for public examination in the clerk’s office. This requirement of public notice, if carried out in the Family Court, would defeat the traditional umbrella of confidentiality related to adoption proceedings.
This court must balance the statutory rights of the petitioner to proceed in this court for a name change pursuant to section 114 of the Domestic Relations Law, against the clear intent of the Civil Rights Law procedural requirements which are designed to protect the public.
After weighing these factors, it is this court’s opinion that the public’s interest to protect itself against fraud and misrepresentation is superior to the minor inconvenience to petitioner involved in filing a separate proceeding in another court of competent jurisdiction. Accordingly, the petition is denied with leave to proceed in any other court of competent jurisdiction.