*872 OPINION OF THE COURT
David O. Boehm, J.
This motion for summary judgment is brought by plaintiff, Thomas G. Maguire, as agent of Mary Ellen Maguire, owner of real property at 10 Beresford Road in Rochester, New York, which she leased to Puente Plastics Corporation (Corporation) for a term of three years, commencing January 1, 1981. The Corporation manufactures plastic and related products and defendant, Jose R. Puente, as its president, executed the lease.
The Corporation vacated the leased premises on February 17, 1982. The plaintiff claims that when it did so, it owed back rent of $28,776 representing six months’ rent from September, 1981 through January, 1982, plus a balance still owing upon the August, 1981 rent, and moneys due for taxes, utilities, water and repairs, in all totaling $35,502.79. This action is brought to recover that amount and plaintiff’s motion for summary judgment is based upon a claimed lack of a meritorious defense thereto.
Defendant in its answer has raised several affirmative defenses, including one which alleges there is another action pending in Rochester City Court for essentially the same relief and another which raises the Bankruptcy Code and Rules and a stay order of Bankruptcy Judge Edward Hayes, dated January 11, 1982, as a bar to the bringing of the action in this forum.
On April 3, 1981, defendant, on behalf of the Corporation, filed a petition in bankruptcy under chapter 11 of the Bankruptcy Code (US Code, tit 11, ch 11) in the United States Bankruptcy Court for the Western District of New York. By operation of law, plaintiff asserts, the defendant thereby became the trustee and debtor in possession of the Corporation and, as such, was prohibited from compensating himself as trustee or employing and paying for professional services rendered on behalf of the Corporation without prior notice and a hearing. According to plaintiff, the defendant, notwithstanding this prohibition, improperly expended corporate funds either on his own behalf or for unauthorized purposes and has therefore made himself personally liable for the moneys due plaintiff because of *873 the breach of defendant’s fiduciary duties as debtor in possession and trustee.
The plaintiff nowhere sets forth in what manner defendant became a trustee. Actually, according to the transcript of an examination before trial conducted of the defendant on January 19,1983, it appears that Louis Ryen, an attorney, was appointed trustee after the bankruptcy proceeding was converted from chapter 11 (reorganization) to chapter 7 (US Code, tit 11, ch 7) (liquidation). All of the corporate assets were thereafter sold on October 26, 1982.
Although plaintiff claims that section 323 of title 11 of the United States Code authorizes a trustee in bankruptcy to sue and be sued, the defendant’s real capacity would seem to be that of a fiduciary of the debtor in possession. Indeed, defendant argues that contrary to the plaintiff’s assertion, the Corporation rather than the defendant is the debtor in possession. Defendant’s further position is that even if he is personally liable for the damages plaintiff sues for, the general stay provisions of the Bankruptcy Code would prohibit pursuing this action and, in any event, all expenditures improperly made must be reimbursed to the bankruptcy estate for the benefit of all of the creditors.
Unless the Bankruptcy Court orders the appointment of a trustee, the debtor in a chapter 11 bankruptcy will remain in possession of the property (US Code, tit 11, § 1101; 5 Collier, Bankruptcy [15th ed], par 1101.01). Such debtor, termed a debtor in possession, has, with limited exception, all of the rights, powers and duties of a trustee (US Code, tit 11, § 1107; Matter of Horn & Hardart Baking Co., 22 BR 668, 670; see, generally, 5 Collier, Bankruptcy [15th ed], ch 1107). A debtor in possession has the duty to protect and conserve the assets of the bankrupt estate for the benefit of the creditors (Matter of Halux, Inc., 665 F2d 213, 216; see Matter of Slodov, 28 BR 698, 702-703). Additionally, a debtor in possession has the capacity to sue and be sued, and may be personally liable when he acts in violation of his fiduciary duties (US Code, tit 11, § 323; 2 Collier, Bankruptcy [15th ed], par 323.03; see Ford Motor Credit Co. v Weaver, 680 F2d 451, 461-462).
The defendant argues that he has not assumed any fiduciary duties because it is the corporation which is the *874 debtor in possession. While it is true that the corporation is the debtor and thus becomes the debtor in possession absent the appointment of a trustee (US Code, tit 11, § 1101), “[i]t is equally apparent that in practice [the] fiduciary responsibilities fall not upon the inanimate corporation, but upon the officers and managing employees who must conduct the Debtor’s affairs under the surveillance of the. court” (Wolf v Weinstein, 372 US 633, 649-650; see, also, Matter of Turner, 13 BR 15, 23). Thus, although it may not be technically correct to label defendant the debtor in possession, he, as president of the Corporation, is not free of fiduciary responsibilities.
As noted, the defendant also argues that the general stay provisions of the Bankruptcy Code (US Code, tit 11, § 362) preclude the commencement of this type of proceeding. The purpose of the stay provisions is to give a debtor the opportunity to formulate plans for repayment and reorganization with protection from an uncontrolled scramble for the debtor’s assets in a variety of un-co-ordinated proceedings in different courts (Matter of Holtkamp, 669 F2d 505, 508; Matter of Frigitemp Corp., 8 BR 284, 288-289), and also to preclude one creditor from pursuing a remedy against the debtor to the disadvantage of other creditors. The purpose, of course, is to promote the orderly administration of the debtor’s estate (Triangle Mgt. Servs. v Allstate Sav. & Loan Assn., 21 BR 699, 700).
The assets of the bankruptcy estate and the interests of the creditors, however, are not affected by this action because the defendant is being sued personally for breach of his fiduciary duties in the management of the bankruptcy estate. Therefore, since this action will not interfere with estate assets, the stay provisions are inapplicable (see Matter of Printing Dept., 20 BR 677).
In support of his right to bring this action on his own behalf in a State court, plaintiff cites Noyes v Gold (310 Ill App 1). In Noyes the trustee in bankruptcy contracted with securities brokers, giving them open orders, good until countermanded, to sell certain securities of the bankrupt estate. The brokers sold the securities but, when they notified the trustee of the sale and made demand for the securities, the trustee failed to deliver them. The brokers *875 then brought suit against the trustee for the loss sustained because of their inability to meet their contractual obligation to deliver the securities to the purchasers. After finding that the trustee had previously sold the securities without notifying the brokers, the court held that he had acted beyond his powers as a trustee and therefore became individually liable for the brokers’ losses (310 Ill App 1, 16, supra).
The Noyes case is distinguishable because it involved liability to third parties unconnected with the bankruptcy proceeding. In this case, however, the plaintiff represents a creditor of the bankrupt Corporation who claims injury caused by defendant’s breach of his fiduciary duty. In this context, plaintiff’s principal has not suffered any injury unique to that of the other creditors. The ultimate recovery of all creditors is diminished by any dissipation of corporate funds.
Although the defendant may be personally liable for his wrongful or unauthorized use of corporate funds, that liability should take the form of a surcharge imposed by the Bankruptcy Court. This court has not found any authority, nor has any been cited to it, which authorizes a creditor to recover the diminution of his share in a bankruptcy estate (much less the full value of his claim against the debtor) where a trustee or debtor in possession wrongfully dissipates estate assets. In cases where trustees have dealt improperly with such assets, they have been required to compensate the estate for the loss (e.g., Matter of Johnson, 518 F2d 246, cert den sub nom. Clark v Johnson, 423 US 893; Albers v Dickinson, 127 F2d 957; Matter of P-R Holding Corp., 84 F Supp 467; Chappel v First Trust Co., 30 F Supp 765; Matter of Happy Time Fashions, 7 BR 665; Matter of Endeco, Inc., 1 BR 64; see, also, 4 Collier Bankruptcy [15th ed], par 704.04, p 704-9; Tiller, Personal Liability of Trustees and Receivers in Bankruptcy, 53 Am Bankr LJ 75, 89). The same principle should apply here.
In Chappel v First Trust Co. (supra), a group of bondholders brought suit against a trustee in bankruptcy in the United States District Court, alleging that they were divested of their security on the debtor’s property when the trustee sold assets of the debtor for less than their fair *876 value. The court granted the trustee’s motion to dismiss, holding that it had no jurisdiction in the matter. In support of its holding, the court noted that a trustee in bankruptcy is an officer of the court which appoints him and thus is accountable to the Bankruptcy Court and to no other for wrongful conduct involving estate assets and, therefore, the Bankruptcy Court has exclusive jurisdiction over the assets of the debtor (30 F Supp 765, 766, supra; see, also, Matter of Johnson, 518 F2d 246, 251, supra; Matter of Happy Time Fashions, 7 BR 665, 670, supra).
This court finds no reason to distinguish Chappel from the present case simply because a trustee rather than a debtor in possession was involved. The duty to protect and conserve the property of the bankrupt estate for the benefit of creditors is applicable to persons assuming either role (Ford Motor Credit Co. v Weaver, 680 F2d 451, 461-462, supra). Furthermore, Bankruptcy Court continues to retain exclusive jurisdiction over all property of the debtor under the new Bankruptcy Code (US Code, tit 28, § 1471, subd [e]).
Nor does it appear that section 959 of title 28 of the United States Code authorizes this action. Subdivision (a) of that section provides in part that trustees and debtors in possession “may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.” This section was intended to permit actions redressing torts committed in furtherance of the debtor’s business (see Matter of American Associated Systems, 373 F Supp 977, 979), and would have no apparent application to the breach of fiduciary duties in the administration of a bankruptcy estate.
The defendant has not made a cross motion for the dismissal of the complaint. CPLR 3212 (subd [b]), however, empowers the court in a summary judgment motion by one party to grant the relief sought to his adversary without the necessity of a cross motion if such relief is appropriate (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3212:23). The lack of subject matter jurisdiction cannot be waived by the parties or cured by their consent or agreement (Verney v Verney, 53 AD2d 608; *877 Eckert v Eckert, 34 AD2d 684). Accordingly, plaintiff’s motion for summary judgment is denied, and defendant is granted summary judgment dismissing the complaint on the ground that this court lacks jurisdiction to entertain this action (see Cutting Room Appliances Corp. v Finkelstein, 33 AD2d 674; see, also, City of Rye v Public Serv. Mut. Ins. Co., 42 AD2d 749, 752-753 [Shapiro, J., concurring], affd 34 NY2d 470).