912 F.2d 463
 18 Fed.R.Serv.3d 685
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John R. PATTERSON, Trustee in Bankruptcy for Joseph B.
Shumate, NCNB Financial Services, Inc.,
Plaintiffs-Appellants,
v.
Joseph B. SHUMATE, Appellee,
and
Roy V. Creasy, Trustee for Coleman Furniture Corporation,
Defendant-Appellee.
 No. 88-2195.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 25, 1990.
Decided Aug. 27, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen M. Williams, Senior District Judge. (CA-86-432-R)
 George Verner Hanna, III, Moore & Van Allen, Charlotte, N.C., James Fielding Douthat, Sr., Woods, Rogers & Hazlegrove, Roanoke, Va., George Steven Agee, Osterhoudt, Ferguson, Natt, Aheron, & Agee, Roanoke, Va., for appellant.
 Joseph B. Shumate, appellee pro se.
 W.D.Va.
 REVERSED.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 John R. Patterson, the trustee in bankruptcy for Joseph B. Shumate's estate, appeals from the district court's order denying his motion to intervene. For the reasons stated below, we find the district court erroneously denied the motion, and we reverse the district court's order.
 
 
 2
 Patterson moved to intervene as of right after the court awarded Shumate over $40,000 as compensation for his services in prosecuting several cases on behalf of Coleman Furniture Company. At the hearing on the motion, Patterson stated that he had an interest in the money because Shumate had fraudulently secreted over $45,000 from his estate in bankruptcy while he was the debtor in possession, and as a trustee Shumate was personally liable for that amount and a surcharge could be charged to him. Additionally, Patterson contended that Shumate's history of mismanaging his assets made it necessary to place the funds in a safe account pending a determination of Patterson's claim on its merits. Patterson's motion was limited in that he asked only that the money be placed in an account with the court until such time as the estate's interest in the money could be determined. Shumate contended that the money was post-petition income and so not part of his estate in bankruptcy, that the income was received from the prosecution of suits in which Patterson had abandoned the estate's interests, and that the statute of limitations contained in 11 U.S.C. Sec. 546(a) had run and thus the action was barred.
 
 
 3
 Four requirements must be met before a motion for intervention as of right under Fed.R.Civ.P. 24(a) may be granted. The motion must be timely made; the moving party must claim an interest in the property or subject matter of the action; the disposition of the action would, as a practical matter, impair or impede the movant's ability to protect that interest; and his interest must not be adequately represented by the existing parties. Feller v. Brock, 802 F.2d 722, 729 (4th Cir.1986); Foster v. Gueory, 655 F.2d 1319, 1324-25 (D.C.Cir.1981). An application for intervention as of right poses only a question of law, and the only discretion the trial court has is to determine whether the motion was timely. 7C C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Sec. 1902, at 231; Sec. 1923, at 512 n. 8 (1986 Supp.). Because Rule 24(a) motions are based on matters well pleaded in the motion itself, the complaint, and the responses of opponents to intervention, this Court may decide on appeal whether the appellant made a sufficient showing to be entitled to intervene. Foster v. Gueory, 655 F.2d at 1324.
 
 
 4
 A motion for intervention is not necessarily untimely merely because it was made after judgment was entered in the case. The most important consideration is whether the delay prejudiced the other parties. If a post-judgment motion did not result in heightened prejudice to the parties or substantial interference with the process of the court, then the fact that judgment has been entered does not require the motion be denied. Hill v. Western Electric Co., Inc., 672 F.2d 381, 386-87 (4th Cir.), cert. denied, 459 U.S. 981 (1982). In the present case Patterson filed his motion only five days after judgment was entered and before Creasy, the Coleman Furniture trustee, had paid any money to Shumate. Patterson was never officially notified of the progress of the case and states that he filed his motion "promptly" after learning of the potential payment to Shumate. Because the timing of the motion did not unduly prejudice the parties or the progress of the case, we find the motion was not untimely.
 
 
 5
 The second requirement for intervention as of right is that the moving party have a cognizable interest in the subject matter of the case, here the money awarded to Shumate. To meet this requirement, Patterson must have standing to assert his claim in a separate action. Cook v. Boorstin, 763 F.2d 1462 (D.C.Cir.1985). "An application to intervene should be viewed on the tendered pleadings--that is, whether those pleadings allege a legally sufficient claim or defense and not whether the applicant is likely to prevail on the merits." Williams & Hubert Ltd. v. W. & H. Trade Marks, Ltd. 840 F.2d 72, 75 (D.C.Cir.1988) (citations omitted).
 
 
 6
 Patterson bases his claim to the money on his allegations that Shumate secreted funds from his estate while he was the debtor in possession.[1] A debtor in possession stands in the shoes of a trustee and as such has a duty to represent the interests of the creditors of the estate. In re Gloria Mfg. Corp., 47 Bankr. 370 (E.D.Va.1984). A trustee in bankruptcy is accountable for all property of the estate. 11 U.S.C. Sec. 704. A trustee must preserve the assets of the estate on pain of surcharge to his personal accounts. 4 Collier on Bankruptcy p 704.04, at 704-09 (1990). He is liable in his official capacity if negligent in his fiduciary duties and liable in his personal capacity if he willfully and deliberately violates his duties. Ford Motor Co. v. Weaver, 680 F.2d 451, 461-62 (6th Cir.1982). See also In re Woodson, 839 F.2d 610 (9th Cir.1988) (debtor in possession withholding assets from his estate violates his fiduciary duties as trustee); Maguire v. Puente, 120 Misc.2d 817 466 N.Y.S.2d 934 (N.Y.Sup.1983).
 
 
 7
 Although there is no specific statutory provision authorizing a successor trustee to file a claim against his predecessor, the federal courts have broad equitable powers to surcharge trustees for "forbidden acts."[2] In re San Juan Hotel Corp., 847 F.2d 931, 937 (1st Cir.1988), citing Mosser v. Darrow, 341 U.S. 267 (1951). The First Circuit has held that actions against a former trustee for mismanagement of the estate may be brought any time before the final accounting is approved and the trustee is discharged because only after final accounting and discharge can the court be sure the trustee properly handled the estate. Id. We adopt the reasoning of the First Circuit on this issue and find that Shumate's contentions that Patterson is barred from bringing an action on the merits by various statutes of limitations are meritless. Under the holdings of Ford Motor Co. v. Weaver and In re San Juan Hotel Corp., Patterson has a facially valid claim against Shumate, and the second requirement for intervention is met.
 
 
 8
 The bankruptcy court found that Shumate concealed assets from his estate for almost seven months after he filed for bankruptcy, and several courts, including this Court, have held that Shumate cannot be trusted to manage his assets for the benefit of his creditors. These findings show the third requirement for intervention as of right, that denial of the motion would as a practical matter impair Patterson's ability to protect his interest in the money, is met. Finally, it is apparent under the facts that neither Creasy nor Shumate adequately represents Patterson's interests.
 
 
 9
 Because Patterson met the requirements for intervention as of right, we find that the district court erroneously denied Patterson's motion to intervene and reverse the district court's order. The district court should hold the funds in question pending a final determination of the merits of Patterson's claim in whichever court Patterson chooses to file it. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 REVERSED.
 
 
 
 [1]
 For a brief procedural history of Shumate's bankruptcy see Shumate v. Patterson, No. 85-1861 (4th Cir. Feb. 27, 1986) (unpublished)
 
 
 [2]
 Patterson asserts that Shumate is personally liable for his defalcation. Therefore the source of Shumate's present assets, and his arguments on related issues, are irrelevant when determining whether a prima facie cause of action exists