BARRY J. LEON et al., Appellants, v HAL M. HIRSCH et al., Respondents, et al., Defendants. [643 NYS2d 647]

In July 1993 the plaintiffs commenced this action in the Supreme Court, Westchester County, against the defendants, all of whom had been involved in a bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York. The bankruptcy proceeding was dismissed two days before the complaint in this action was filed. The plaintiffs seek, in relevant part, the $17,000 that the defendant Hal M. Hirsch, the trustee in the bankruptcy proceeding, paid to the defendant JCC Capital Corp. pursuant to the Bankruptcy Court's order. The plaintiffs also interposed several causes of action to recover damages based on the theories of negligent misrepresentation, legal malpractice, breach of fiduciary duty, and breach of contract. After answering, Hirsch and his law

firm, the defendant Gainsburg & Hirsch, moved for summary judgment dismissing the complaint insofar as it is asserted against them. The plaintiffs cross-moved for leave to amend the complaint. By an order entered January 10, 1995, the Supreme Court granted the motion for summary judgment, dismissed the complaint insofar as it is asserted against Hirsch and his law firm, and denied the branch of the cross motion which was for leave to amend the complaint insofar as it is asserted against Hirsch and his law firm.

Bankruptcy trustees may sue and be sued in State court, without leave of the appointing court, when the debtor represented by the trustee would have been a proper party to the action (*see,* 28 USC § 959; 11 USC § 323; *Pereira v Phillips,* 154 Misc 2d 155). However, when a trustee is sued personally for wrongful conduct involving the assets of a bankrupt estate, the Bankruptcy Court has exclusive subject matter jurisdiction (*see, Maguire v Puente,* 120 Misc 2d 871; *Chappel v First Trust Co.,* 30 F Supp 765).

The causes of action that were dismissed by the Supreme Court in this case were all interposed against Hirsch personally or against his law firm for wrongful acts allegedly committed while Hirsch was bankruptcy trustee for JCC Capital Corp. These causes of action are within the exclusive jurisdiction of the Bankruptcy Court that appointed Hirsch and cannot be maintained in the New York State Supreme Court. Therefore, the Supreme Court properly granted summary judgment to Hirsch and his law firm and properly denied the branch of the cross motion which was to amend the complaint insofar as it is asserted against them. Balletta, J. P., Thompson, Santucci and Florio, JJ., concur.