OPINION OF THE COURT
William E. Sherwood, J.
Petitioner, a citizen of South Africa, has submitted to this court an ex parte application to change her name from Natrisha Ramjibith Mohomed to Natrisha Ramjibith Owens pursuant to article 6 of the Civil Rights Law. In support of her application, she submits a notice of petition and verified petition demonstrating that she meets the requirements of Civil Rights Law §61. Attached to the petition is petitioner’s “Identity Docu *403 ment” issued by the Republic of South Africa identifying her as Natrisha Ramjibith, a copy of a marriage certificate issued to the petitioner and her husband in June 2003 and a copy of an order granting a similar application for a name change to petitioner’s husband in November 2003. The petitioner and her husband were married on June 10, 2003. Subsequent to the marriage, petitioner’s husband obtained permission of the court to change his name from Justin HS Mohomed to Justin Owens. Thus, Civil Rights Law § 65 is not applicable here. The petition does not mention petitioner’s immigration status. A review of the identity document indicates that the petitioner has not advised the Republic of South Africa of her change of residence address or her change of name as a result of her marriage.
While citizenship is not a prerequisite to obtaining a change of name under the Civil Rights Law, the little authority there is on the issue of granting an alien’s name change application has been based upon factual findings demonstrating the applicant’s intent to remain in the United States. (See, e.g. Matter of Lipschutz, 178 Misc 113 [Sup Ct, Queens County 1941].) No such showing has been made here. The petition does not mention petitioner’s immigration status, does not state her intentions with regard to remaining in the United States and does not contain a statement that upon the application being granted, she would advise the appropriate authorities in the United States and South Africa of the name change.
It is well established that one does not need permission of the court to change one’s name. (Smith v United States Cas. Co., 197 NY 420 [1910].) In Matter of Novogorodskaya (104 Misc 2d 1006, 1007 [Civ Ct, Kings County 1980]), the court held: “Any person, including an alien, should be allowed to change his name in good faith as he desires, provided such change would not violate any statutory provision or overriding public policy.” In addition, public policy favors the court’s granting of name change applications because this process makes the change of name a matter of public record.
However, the court does have an obligation to ensure that the name change will not be a source of “fraud, evasion or interference with the rights of others.” (Matter of Stempler, 110 Misc 2d 174, 175 [Sup Ct, Nassau County 1981].) While the court does not impute any such motive to the petitioner here, the court must recognize the realities of the world we live in after the events of September 11, 2001 and the need to ensure compliance with the applicable immigration laws. Accordingly, in the *404 absence of proof regarding petitioner’s immigration status and a statement that she will report the change of name to the appropriate authorities in the United States and the Republic of South Africa, the application must be denied without prejudice to renewal upon a properly supported petition.