OPINION OF THE COURT
William J. Giacomo, J.
Petitioner seeks to change his name from Carlo F. Zelaya Boquin to Carlo F. Zelaya Boquin Quinn to formally adopt the last name he has used his whole life, “Quinn,” which is the surname of the couple that raised him.
Although one does not need permission of the court to change one’s name (Smith v United States Cas. Co., 197 NY 420 [1910]),[1] public policy favors a court’s review and granting of name change applications because this makes the change of name a *474 matter of public record. (Matter of Halligan, 46 AD2d 170 [4th Dept 1974]; Matter of Mohomed, 3 Misc 3d 402 [Sup Ct, Rock-land County 2004]; Matter of Linda Ann A., 126 Misc 2d 43, 44 [Sup Ct, Queens County 1984].)
A court should not rubber-stamp any application for a name change as it is the court’s obligation to ensure that the name change will not be a source of fraud, evasion or interference with the rights of others. (See Matter of J.O.T., 120 Misc 2d 817 [Fam Ct, Kings County 1983].)
In support of his application, petitioner submits a verified petition that complies with the provisions for a name change found in Civil Rights Law § 61[2] together with petitioner’s birth certificate from Honduras, although the petition does not state if he is still a citizen of Honduras. In his application, petitioner states that he is a “permanent resident of the United States,” but submits no proof of this to the court.
Also attached to the petition is an affidavit of petitioner’s wife, Sara Carbone, who consents to the application. However, a copy of his marriage license is not annexed to the petition; therefore the court cannot make any determination if the petitioner’s name was changed pursuant to Civil Rights Law § 65.[3]
While citizenship[4] is not a prerequisite to obtaining a change of name under the statutory framework of the Civil Rights Law (see Civil Rights Law art 6; Matter of Mohomed, supra), a court may deny an application by an alien absent proof of his or her immigration status and stated intent to remain in the United *475 States. (See also Matter of Lipschutz, 178 Misc 113 [Sup Ct, Queens County 1941].)
In the instant matter, as indicated, petitioner submits no proof that he is a permanent resident of the United States. The petition does not state petitioner’s intentions with regard to remaining in the United States and does not indicate that, if the application were granted, he would advise the appropriate authorities in the United States and Honduras of the name change. (See Matter of Mohomed, supra.)
While the court has no reason to doubt that petitioner’s motives are anything but proper, nonetheless, the court “must recognize the realities of the world we live in after the events of September 11, 2001 and the need to ensure compliance with the applicable immigration laws.” (Matter of Mohomed, 3 Misc 3d at 403.)
Accordingly, in the absence of proof regarding petitioner’s immigration status and a statement that he will report the change of name to the appropriate authorities in the United States and Honduras, the application is denied without prejudice to renewal upon a properly supported petition.

. This case may be of interest for a history of the development of surnames.

. The petition specifies the grounds of the application, the name, date of birth, place of birth, age and residence of the petitioner and the name which he proposes to assume. The petition also specifies that the petitioner has not been convicted of a crime or adjudicated a bankrupt; that there are no judgments or liens of record against him or actions or proceedings pending to which the petitioner is a party; and that the petitioner is not responsible for child or spousal support obligations.

. Civil Rights Law § 65 provides for an optional name change upon marriage, divorce or annulment. In the case of a name change upon marriage, the State provides that “Any person may, upon marriage, elect to assume a new name according to the provisions of paragraph (b) of subdivision one of section fifteen of the domestic relations law.” (Civil Rights Law § 65 [1].) Domestic Relations Law § 15 provides for the option of an official change of name by marriage license application, to become effective upon marriage, and has the effect of providing a record of the change of name.

. “Any person, including an alien, should be allowed to change his name in good faith as he desires, provided such change would not violate any statutory provision or overriding public policy.” (Matter of Novogorodskaya, 104 Misc 2d 1006, 1007 [Civ Ct, Rings County 1980].)