OPINION OF THE COURT
Per Curiam.
Appeal from order, dated January 9, 2014, deemed an application by petitioner for review pursuant to CPLR 5704 (b) (see Matter of Washington, 216 AD2d 781 [1995]), and so considered, order reversed, without costs, and the matter remitted to Civil Court for entry of an order granting the petition consistent herewith.
We exercise our discretion under CPLR 5704 (b) and grant the transgendered petitioner’s application for a name change corresponding with petitioner’s female gender identity. The record shows that petitioner satisfied the requirements for a name change under section 61 of the Civil Rights Law by specifying the grounds for the application and disclosing pertinent background information (see Matter of Golden, 56 AD3d 1109 [2008]), including petitioner’s current street address in New York City. In view of the court’s limited authority to review an application for a name change (see Matter of Powell, 95 AD3d 1631, 1632 [2012]), and in the absence of evidence herein of fraud, misrepresentation, or interference with the rights of others, the name change petition should have been granted (see Matter of Halligan, 46 AD2d 170, 171-172 [1974]).
That the Costa Rican born petitioner was unable to provide the court with proof of citizenship or lawful immigration status was not fatal to the otherwise meritorious name change application. Civil Rights Law § 61 requires verification of a name change applicant’s “residence,” not legal residence, and considerations of citizenship and immigration status should not be lightly imported by implication into the statutory scheme where to do so would ignore the plain meaning of the statute as written. Clearly, the term “residence” as used in the name change statute is “neither synonymous [with] nor interdependent [of]” (Matter of Novogorodskaya, 104 Misc 2d 1006, 1007 *10 [1980]) the legal residency construct fashioned by Civil Court in denying petitioner relief under the statute. To be distinguished is Matter of Beals (40 Misc 3d 61, 62 [2013]), in which we recognized the court’s authority to require a name change applicant to produce evidence tending to confirm “the accuracy of . . . pertinent background and pedigree information required to be disclosed” under the name change statute (emphasis added).
Any risk of “fraud and confusion” potentially created by a change in name of an undocumented immigrant—a concern expressed by the court in denying petitioner’s application—is adequately addressed by requiring petitioner through counsel to promptly notify federal immigration authorities of the name change, a requirement consented to by counsel at oral argument of the appeal (see Matter of Novogorodskaya, 104 Misc 2d at 1008).
Schoenfeld, J.P., Hunter, Jr and Ling-Cohan, JJ., concur.