In the Matter of SARA R. HALLIGAN

Fourth Department, December 5, 1974.

*Anthony J. Villani* (*James F. Foley* of counsel), for appellant.

SIMONS, J.   When petitioner was born in 1948, her parents named her Sara Ryan. Since then she has continuously identified herself by that name, for social security purposes, when dealing with the Internal Revenue Service, when executing higher edu-

cation loan applications, for bank accounts and other legal documents. The one exception to this practice has been her application for a passport and on that occasion the United States passport official insisted that she use her married name, Halligan. Wishing no repetition of that incident she brought a proceeding pursuant to article 6 of the Civil Rights Law seeking an order establishing beyond peradventure that her legal name is Sara Ryan.

Supreme Court, noting the confusion that would result if a husband and wife were known by different names, held that since petitioner had '' failed to set forth any compelling reason for seeking a court-approved name change '', the application must be denied (*Matter of Halligan*, 76 Misc 2d 190). We think denial of the application was an improvident exercise of the court's discretion.

Under the common law a person may change his or her name at will so long as there is no fraud, misrepresentation or interference with the rights of others (*Smith* v. *United States Cas. Co.*, 197 N. Y. 420, 428–429; *Matter of Wing*, 4 Misc 2d 840). The statute affirms this right and the two procedures exist side by side supplementing each other (*Smith* v. *United States Cas. Co., supra*). Under common law the change is accomplished by usage or habit. When the statutory procedure is followed, a court order and public record verify the change. The statutory procedure differs only in the speed and certainty of the change and in the restriction that once the name is changed the applicant shall thereafter be known '' by no other name '' except with the permission of the court (Civil Rights Law, § 64).

Section 63 of the Civil Rights Law provides that upon presentation of an application for a name change if the court shall determine that the petition is true and that there is '' no reasonable objection '' to the change, it '' shall make an order '' granting the petition. In exercising this limited power of review[1], the court should bear in mind that an individual possesses a broad right to assume a new name at common law and in most instances denial of the application will accomplish little except delay the change and add to the confusion of records until a new name

---

1. Illustrative of judicial caprice are the personal judgments on the propriety of the proposed name changes found in *Matter of Filoramo* (40 Misc 2d 598) and *Matter of Cohen* (163 Misc. 795) in which the court refused to entertain the applications to Americanize names because the proposed names denied the applicants' ancestral heritage; compare with *Matter of Middleton* (60 Misc 2d 1056) and *Matter of Jama* (51 Misc 2d 9) which denied the applications because the proposed names indicative of the applicants' ancestry were considered somehow un-American.

is established by usage. A court may properly assume that most petitions by adults should be granted until the contrary appears, particularly when, as here, the change is unopposed by interested third persons (see generally 40 N. Y. Jur., Names, § 17).

Supreme Court's requirement that petitioner show '' a compelling reason '' for the change, improperly imposed a burden of persuasion upon her beyond that required by the statute. While we appreciate the court's apprehension over the confusion which may result, confusion is a normal concomitant of any name change. It will be minimized in this case by petitioner's consistent usage of her maiden name in the past. No reasonable objection appearing, appellant is entitled to her requested order declaring that she shall be known by her maiden name of Ryan, and no other.

The order should be reversed and the petition granted.

MOULE, J. P., MAHONEY, GOLDMAN and DEL VECCHIO, JJ., concur.

Order unanimously reversed and petition granted, without costs.