OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an application for a judicial change of name, pursuant to article 6 of the Civil Rights Law. Petitioner, an unmarried woman, seeks leave to assume the name “Linda Ann M.” As the reason for the change, petitioner states candidly that she wishes to assume the name of her “lover” whom she is “not free to marry.”
Under common law, a person is free to assume any name she chooses, in the absence of fraud, misrepresentation or interference with the rights of others. (Smith v United States Cas. Co., 197 NY 420.) No judicial proceeding is necessary and a name change can be made effective through simple usage or habit. (Matter of Halligan, 46 AD2d 170.)
The statutory change of name procedure is supplementary to the common law and is useful in that it provides greater speed and certainty and in that it results in a permanent public record of the change. (Matter of Halligan, supra.)
The statute requires the court to grant the petition if the statements in the petition are true unless there is a “reasonable objection” to the change. (Civil Rights Law, § 63.) The court’s power of review is thus quite limited and the court should be *44 chary of substituting its subjective judgment on the propriety or advisability of the name change for an objective consideration of its lawfulness. (See Matter of Halligan, supra, p 171, n 1, and cases there cited.) An inevitable by-product of the statutory process is the result that the judicial imprimatur is placed upon the change of name lending it the aura of propriety and official sanction. If the court determines, therefore, that the change of name will foster fraud or other illegality it is not only free to withhold its imprimatur and deny the petition, it is bound to do so.
This consideration becomes paramount in a case such as petitioner’s. The court is free to draw the normal and reasonable inferences from the petition and infers that petitioner’s lover, whose name she seeks to assume, is presently married to another woman. Petitioner’s relationship to him is therefore adulterous. The court’s disapproval of the relationship is not officious moralizing. Adultery is a crime (Penal Law, § 255.17) and is recognized as serious marital wrongdoing such as will justify the offended spouse in seeking a separation or divorce. (Domestic Relations Law, § 170, subd [4]; § 200, subd 4.) As was pointed out in Matter of Carol B. (81 Misc 2d 284) on virtually identical facts the court is being asked, in effect, to approve of the relationship as well as the name change. (See, also, Hurley Name Case, 38 Pa D & C 2d 146.)
Further, the court infers that the purpose of this name change would be to allow petitioner to hold herself out as Mr. M.’s wife. This could clearly infringe upon the rights of the real Mrs. M., who has not been given notice of this petition, and is precisely the sort of chicanery and interference with the rights of others which the court must discover and prevent. (Matter of Stempler, 110 Misc 2d 174.) Just as a court will not enforce a contract which has the facilitation of adultery as its essential purpose (McCall v Frampton, 81 AD2d 607), the court will not take an action which can only be construed as approving and facilitating an adulterous relationship. For that matter, the petition fails to recite that Mr. M. approves of the proposed change of name or that he has even been given notice of the petition. He, also, has rights which may be infringed upon.
Finally, even if the relationship were not adulterous and was therefore morally neutral in the eyes' of the law (see Morone v Morone, 50 NY2d 481, 486, n 2; Edwards v “Roe”, 68 Misc 2d 278), the court would still deny the application on the grounds that to allow petitioner to hold herself out as Mr. M.’s wife would tend to mislead and confuse those dealing with the couple who *45 might be unaware of the true relationship. (See Matter of Thompson, 82 Misc 2d 460.) To allow such holding out would also undermine the considerations of public policy which underlay the abolition of common-law marriages in this State.
Application denied.