■ RELIANCE INSURANCE CO. OF N. Y., Respondent, v VILLAGE OF PORT BYRON, Appellant.—Motion to vacate dismissal of appeal granted on condition appellant's records and briefs are filed and served on or before October 12, 1990. Memorandum: We call counsel's attention to the fact that the nine-month period for perfecting a civil appeal begins to run, not from the date of the filing of the notice of appeal, but from the date of the notice of appeal *(see,* 22 NYCRR 1000.3 [b] [2] [i]). Present—Callahan, J. P., Denman, Boomer, Green and Pine, JJ.

■ In the Matter of CARLOS R. ALVARADO.—Motion to vacate ex parte order pursuant to CPLR 5704 granted. Memorandum: The court's power in reviewing an application for a change of name is limited *(Matter of Halligan,* 46 AD2d 170, 171-172). Here, there is no indication that petitioner's change of name will be an instrumentality of fraud, misrepresentation, or interference with the rights of others. The fact that confusion may result from the change of name is not a sufficient reason to deny the application. "[C]onfusion is a normal concomitant of any name change" *(Matter of Halligan, supra,* at 172). Present—Denman, J. P., Boomer, Green, Pine and Lawton, JJ.

■ JOHN E. TENCZA et al., Respondents, v DENNIS J. HYLAND et al., Appellants.—Motion for clarification of prior order denied *(see,* CPLR 5519 [a] [3]); cross motion to dismiss granted unless appeal is perfected on or before December 5, 1990. Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ. (Order entered Oct. 4, 1990.)

■ PEOPLE v RICHARD S. SPEED, Defendant.—Motion to extend time to take appeal granted. Memorandum: The failure of counsel to give defendant written notice of his right to appeal as required by 22 NYCRR 1022.11 (a) constitutes "improper conduct" of counsel within the meaning of CPL 460.30 (1) *(People v Storms,* 161 AD2d 1215). Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.