OPINION OF THE COURT
Joseph F. Lisa, J.
This is an application, pursuant to article 6 of the New York State Civil Rights Law, for a judicial change of name.
The petitioner seeks an order of this court permitting him to assume an obviously female first name in place and stead of his present male name.
The petitioner’s application consists of an affidavit with a copy of his "Certificate of Birth” affixed thereto, which reveals that he is a 24-year-old male. It further states, in pertinent *894 part, that the underlying purpose for changing his name is that: "I have lived my life as a female for the past eight years. This is an irreversable [sic] and completely permanent decision. Reassignment surgery will take place as soon as financially possible. I find the discomfort of having my present name unnecessary and quite embaressing [sic] at times.”
It should be noted that petitioner’s application does not include any medical, psychiatric or psychological corroborative support concerning his alleged psychological/anatomical sexual conflict.
Under common law, a person may use any name, at will, so long as there is no fraud, misrepresentation or interference with the rights of others. No judicial proceeding is necessary and the feat is accomplished by simple usage. (Matter of Halligan, 46 AD2d 170 [1974].)
Since the enactment of article 6 of the Civil Rights Law a person is now afforded the option of seeking judicial approval in changing a name.
Court approved name changes receive an "aura of propriety and official sanction” in that the proceeding is memorialized by the issuance of the court’s order. (Matter of Linda Ann A., 126 Misc 2d 43, 44.)
Clearly, the statutory change of name procedure is supplementary to the common law and not in substitution for the common-law procedure; however, it does require, of necessity, court scrutiny of the application. (Matter of "Shipley”, 26 Misc 2d 204, 208.)
This court recognizes that the request contained in petitioner’s application is not one of first impression. (Matter of Jevens, NYLJ, Oct. 18, 1976, at 15, col 4.)
In Matter of Anonymous (57 Misc 2d 813 [1968]), the court granted a male who had undergone a surgical corrective sex change procedure leave to assume a feminine name.
There, unlike the instant case, the court after conducting an extensive hearing determined that the petitioner was a "transsexual” and as a result of "conversive” surgery concluded that "[t]here is no chance that this petitioner will ever again function as a male either procreatively or sexually.” (See, Matter of Anonymous, supra, at 815.)
This court is ever sensitive to the need to assist those who find themselves caught in the human turmoil of a psychological sexual orientation that is in conflict with their actual anatomical sex.
*895 Sensitivity, although laudable, cannot be the deciding factor in the court’s final decision.
The court’s controlling responsibility is to insure against the possibility that its order will lend legal credence to confusing or misleading the public in its dealings with the petitioner.
Without a competent medical and psychiatric evaluation of the petitioner, granting the relief requested may be contrary to the public interest as well as harmful to petitioner’s present mental status.
The court therefore concludes that absent further supportive evidence corroborating the petitioner’s claim that this decision to live as a female is irreversible and completely permanent, it cannot grant the relief requested.