OPINION OF THE COURT
Nathan L. Berke, J.
This is an application for a change of name made under article 6 of the New York State Civil Rights Law. The petitioner was born a male, is 39 years old and is single. He seeks to change his first name from William, an obvious male name, to Veronica, an obvious female name.
A person may change his or her name with or without court approval. Under common law, a person may use any name at will as long as there is no fraud, misrepresentation or interference with the rights of others. No judicial proceeding is *242 necessary and the change of name is accomplished merely by using the new name. (Matter of Halligan, 46 AD2d 170.)
A person also has the option of seeking court approval of a change of name under article 6 of the Civil Rights Law. The advantages of obtaining court approval of a change of name are that the court order sets a definite date on which the new name is to be assumed, it gives the name change an "aura of propriety and official sanction” and makes it a matter of public record. (Matter of Linda Ann A., 126 Misc 2d 43, 44.)
In considering whether the court should grant the within application for a change of name, the court has the responsibility to determine whether the proposed change will lead to fraud, misrepresentation, confusion, deception or otherwise interfere with the rights of the public. (Matter of "Shipley”, 26 Misc 2d 204.) The petitioner has failed to set forth sufficient facts upon which the court can make such a determination. He merely states in his petition that the purpose of changing his name is "to avoid embarrassing situations due to my sexual preference and physical well being”. The petitioner does not corroborate this claim by competent medical and psychiatric evaluation, including whether he is a transvestite or a transsexual and, if a transsexual, whether he has undergone a sex change operation and is now anatomically and psychologically a woman. (Matter of Anonymous, NYLJ, Apr. 16, 1992, at 28, col 6.) In Matter of Anonymous (57 Misc 2d 813), the court granted a change of name from a "male” name to a "female” name because the petitioner was a male transsexual who had a sex change operation and was anatomically and psychologically a female in fact.
The within application is, therefore, denied because, without such supportive evidence, the change of name from a "male” name to a "female” name would be fraught with danger of deception and confusion and contrary to the public interest. (Matter of Jevens, NYLJ, Oct. 18, 1976, at 15, col 4.)