OPINION OF THE COURT
Lucindo Suarez, J.
Petitioner is a transsexual male who wishes to discard his male name and assume a female name. Petitioner states in his petition that he has undergone hormone therapy, breast augmentation and cosmetic surgery to further his female appearance, and that the use of his male name causes severe depression and the need for psychiatric help.
Upon due deliberation of the verified petition, and exhibits attached thereto, submitted in support thereof, and after conference with counsel for petitioner, the application to change the name of William Rodriguez Rivera to Veronica Rodriguez is granted to the extent discussed below.
PROCEDURAL HISTORY
Article 6 of the Civil Rights Law provides that a petition for leave to assume another name by a New York City resident may be made to any branch of the Civil Court of the City of New York. In this case, petitioner first made his application to change his name from William Rodriguez to Veronica Rodriguez in 1992 in the Civil Court of Queens County. The application was denied by the Honorable Nathan L. Berke for failure to set forth sufficient facts upon which the court could make a determination. The court found that "the change of name from a 'male’ name to a 'female’ name would be fraught with danger of deception and confusion and contrary to the public interest.” (Matter of Anonymous, 155 Misc 2d 241, 242 [Civ Ct, Queens County 1992].) Petitioner resubmitted his application to Judge Berke, which was denied by decision dated September 22, 1992 "because the petition and order submitted are defective and not in proper form.”
Almost two years later, petitioner reinstated his application to change his name in this court, Bronx County, in July 1994. The application came before me as the Judge assigned to Special Term, Part II. The application consisted of petitioner’s affidavit labeled verified petition, a birth certificate and a proposed order for signature. In paragraph 10 of his affidavit, petitioner stated that "no previous application has been made for the relief sought herein.” Unbeknownst to this court the petitioner had made the identical application in Queens *309 County, and was in fact the petitioner in Matter of Anonymous (supra). The application was denied because in this court’s discretion the application was deemed premature.[1]
The instant application was submitted in response to this court’s denial in July 1994.[2] It is this court’s position that the instant petition is in essence a motion to reargue the denial of the application by Judge Nathan Berke dated September 1992, rather than in response to this court’s denial. (See, CPLR 2221.) The medical and psychiatric affidavits, and other documentation annexed in support of the application appear to be an attempt to comply with Judge Berke’s finding in September 1992 that the application was defective and not in proper form. Moreover, apart from the addition of the medical documentation, petitioner seeks the same relief under the same circumstances as in the first application before Judge Berke. Therefore, as an ex parte motion to reargue Judge Berke’s order, it should have been made in Queens County "to the judge who signed it” pursuant to CPLR 2221 (a) (2), which also directs that a "motion made to other than a proper judge under this rule shall be transferred to the proper judge.” (CPLR 2221 [b].)
Even assuming arguendo that the instant application is not a motion for renewal or reargument, petitioner failed to seek review of Judge Berke’s order in the Appellate Term, Second Department, pursuant to CPLR 5704 (b) or a CPLR article 78 proceeding. (See, Matter of Joint Diseases N. Gen. Hosp., 148 AD2d 873 [3d Dept 1989].) There is no doubt that the petitioner’s right to petition the Appellate Term has long since expired. (CPLR 5513.)
At this juncture, the issue is whether or not this court may entertain petitioner’s reapplication for a name change in Bronx County. In its discretion, this court will entertain petitioner’s application for two reasons: (1) the Civil Court of the City of New York was established by the Legislature as a single city-wide court of civil jurisdiction, and (2) article 6 of *310 the Civil Rights Law permits petitioner to bring his application in any county of the Civil Court (within the five boroughs). This court found no precedent to bar it from entertaining petitioner’s reapplication for a name change in the Bronx County. (See, CCA 101, 102; 28 NY Jur 2d, §§ 30, 31, at 65-68.)
THE INSTANT APPLICATION
The next procedural hurdle is that the reapplication submitted in this court in July 1994 did not conform with the affidavit requirements of CPLR 2217 for ex parte motions.[3] It is undisputed that when petitioner filed his application in July 1994 he clearly failed to state that he had sought the identical relief in Queens County. CPLR 2217 (b) states than an affidavit in support of an ex parte application or motion state "the result of any prior motion for similar relief’. The requirement is mandatory and its purpose is twofold: "to avoid judge-shopping generally, and more specifically to enable Judge Two to avoid the risk of appellate censure for purporting to sit in review of a colleague’s act.” (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2217:5, at 136.) Consequently, this court evaluated the name change application as one of first impression, incognizant of the fact that the petition should have been referred to Judge Berke in Queens County.[4] However, rather than speculate as to petitioner’s reasons for failing to apprise this court of his prior attempts to change his name from "William” to "Veronica,” this court will consider this defect as cured by petitioner’s renewal application, and will proceed to entertain the merits of the application. To do otherwise would require petitioner to seek review at the Appellate Term of this court’s denial based upon the failure to provide a procedural disclosure and the matter, ultimately, may be remanded to this court for disposition on the merits. While the possibility exists that the Appellate Term may remand this proceeding to Queens, the county of jurisdiction in the first instance, this court contem *311 plates that such possibility is unlikely in light of the fact that the Civil Court retains city-wide jurisdiction, and because Judge Berke’s denial was not on the merits.
For reasons of public policy and judicial economy, and because as previously noted, this court found no bar on the merits to this application, this court grants petitioner’s reapplication to change his name from William Rodriguez Rivera to Veronica Rodriguez with the caveat that petitioner may not use this grant of name change as any evidence that the sex of petitioner has in fact been changed. (See, Matter of Anonymous, 64 Misc 2d 309 [Civ Ct, NY County 1970].)
While petitioner has the right at common law to adopt any name so long as fraud or misrepresentation is nonexistent, once he sought court approval his petition became subject to close scrutiny. It is this court’s responsibility to ensure that the grant of name change will not mislead, confuse or deceive others in their dealing with petitioner. (Matter of Anonymous, supra; Matter of Anonymous, 153 Misc 2d 893 [Civ Ct, Queens County 1992]; Matter of Anonymous, 57 Misc 2d 813 [Civ Ct, NY County 1968].) In support of his application, petitioner submitted one psychiatric report and numerous medical affirmations, including one from Dr. Alexander Tsynman, Medical Director of the Community Mental Health Center at St. John’s Episcopal Hospital (Far Rockaway, New York), where petitioner has been in treatment since December 1991 for Gender Identity Disorder (transsexualism). Prior to 1991, Dr. Luba Chanin writes that petitioner was under her psychiatric care from 1982 until 1991. The prevailing psychiatric evaluation is that petitioner is a transsexual whose behavior, mannerisms and appearance are feminine, and that he is confident about his sexuality and choice of female gender. Dr. Benito B. Rish states that petitioner has undergone hormonal therapy for over 15 years, and that petitioner was born having both female and male characteristics. A psychotherapist states that petitioner is seen on a weekly basis and is under medication.
Although the documentation in support leads to the conclusion that petitioner’s comportment and sex orientation is that of a female, there is no claim that petitioner has in fact undergone a sex operation. (Cf., Matter of Anonymous, 57 Misc 2d 813, supra [petitioner had a surgical corrective sex change].) However, upon the review of the corroborating competent medical affidavits, and the totality of the circumstances herein, including petitioner’s tenacity in the pursuit of this name change, it is ordered that petitioner’s application to *312 change his name from William Rodriguez Rivera to Veronica Rodriguez is granted solely upon the condition that petitioner may not use or rely upon this order as any evidence whatsoever or judicial determination that the sex of petitioner has in fact been changed anatomically. (Matter of Anonymous, 64 Misc 2d 309, supra.)

. The order was three lines long as follows: "The annexed ex parte application in the above-entitled matter is hereby, on the papers annexed hereto, denied for the reason that same is premature. See also, In the Matter of the Application of Anonymous, 155 Misc.2d 241, 587 N.Y.S.2d 548 (Civ. Ct. Qns. Co. 1992).”

. The court notes that petitioner is represented by counsel in the instant application, and in his affidavit states that his attorneys filed the July 1994 application without knowledge of petitioner’s prior attempt to change his name on his own.

. Procedure in the civil court is governed by CCA 1001 which directs, in pertinent part, that "[m]otion practice in the court, including time provisions for the making and decision of motions * * * shall be governed by the CPLR, except as this act otherwise provides.”

. It has come to this court’s attention that Judge Berke is now presiding in Supreme Court, Queens County. However, this fact would not have prevented this court from referring the application to Queens County if petitioner accurately informed this court that he had sought prior relief in this case.