■ In the Matter of CRAIG D. WASHINGTON, Appellant. [628 NYS2d 837] —White, J. Appeal from an order of the County Court of Clinton County (Lewis, J.), entered August 22, 1994, which dismissed petitioner's application pursuant to Civil Rights Law article 6 to change his name.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County serving an $8^1/_3$ to 25-year sentence, petitioned to have his name changed to Youseff Shalom Ali for the reason that the "assumption of a new name will conform to the practice and ideals of" his Islamic faith. County Court summarily denied the petition on the ground that the name change would result in recordkeeping problems for various State agencies and that petitioner had lost his civil rights to petition for a name change by reason of his felony conviction. This appeal ensued.

The immediate impediment to the appeal is that an ex parte order is not appealable as of right (*see*, CPLR 5701 [a] [2]) and there are no procedural mechanisms petitioner can utilize to produce an appealable order (Siegel, NY Prac § 526, at 817 [2d ed]). To resolve this dilemma, we shall treat the appeal as an application by petitioner for review pursuant to CPLR 5704 (a) (*see, Matter of Michael JJ.*, 200 AD2d 80, 82).

Civil Rights Law § 79 (2) now provides that "[a] sentence of imprisonment in a state correctional institution * * * shall not be deemed to suspend the right or capacity of any person so sentenced to commence and prosecute an action or proceeding in any court within this state". Accordingly, County Court erred in finding that petitioner's conviction precluded him from making this application (*see, Community Bd. 7 v Schaffer*, 84 NY2d 148, 155).

Turning to the merits, Civil Rights Law § 63 states in relevant part that "[i]f the court * * * is satisfied * * * that the petition is true, and that there is no reasonable objection to the change of name proposed * * * the court shall make an order authorizing the petitioner to assume the name proposed". Given this limited power of review, courts ordinarily grant petitions by adults unless there is a demonstrable reason not to do so (see, Matter of Halligan, 46 AD2d 170, 172).

Although an individual possesses a broad right to assume a new name under common law, in this unique situation involving petitioner who is in the custody of the Department of Correctional Services, which must monitor a large prison population, there may be a reasonable objection to a name change since it could create recordkeeping problems not only for said Department, but also other affected agencies which are required to maintain criminal records. Therefore, since the record has not been adequately developed on this issue, we will remit this matter to County Court for a hearing on notice to the Department of Correctional Services and the Division of Criminal Justice Services.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.