■ In the Matter of MARSHALL B. AUSTIN, Appellant. [743 NYS2d 333] —Cardona, P.J. Appeal from an order of the County Court of Clinton County (Ryan, J.), entered March 22, 2001, which dismissed petitioner's application pursuant to Civil Rights Law article 6 to change his name.

Petitioner, an inmate at Clinton County Correctional Facility in Clinton County, petitioned to have his name changed to Neter Ausar Kamani. County Court denied the petition on three grounds, namely, that petitioner was not a resident of Clinton County, he failed to sufficiently specify the grounds for the name change and the relief would result in record-keeping

problems for various governmental agencies. This appeal ensued.*

Upon review of the petition and this record, we conclude that the relief should be granted. Initially, although County Court denied the relief on residency grounds, the sole proof concerning that issue is petitioner's uncontradicted averment that he resides in Clinton County (*see,* Civil Rights Law § 60). There is no evidence that petitioner was transferred to a facility in a different county (*see, e.g., Matter of Rouson,* 119 Misc 2d 1069; 18 Carmody-Wait 2d, NY Prac § 112:8) and, therefore, we find no basis in the record for dismissal on residency grounds. As indicated, County Court also referred to petitioner's failure to comply with the requirement that the petition specify the purpose for the name change (*see,* Civil Rights Law § 61). Although petitioner was not expansive in his statements, in our opinion, his petition was sufficient to comply with the minimum requirements contained in Civil Rights Law § 61. Lastly, while potential record-keeping problems were cited as a basis to deny the petition, the letters to petitioner from the Department of Correctional Services do not indicate that his application was opposed (*see, Matter of Waters,* 264 AD2d 910; *Matter of Madison,* 261 AD2d 738). Instead, the letters inform petitioner that his request for a name change will only be recognized when he produces an appropriate judicial order. Therefore, given the absence of a "demonstrable reason not to do so" (*Matter of Washington,* 216 AD2d 781, 782), we find that the petition should be granted.

Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.

---

* Although petitioner is appealing from an ex parte order which is not appealable as of right (*see,* CPLR 5701 [a] [1], [2]), this Court may consider the matter since it has previously treated similar appeals as applications for review pursuant to CPLR 5704 (a) (*see, Matter of Washington,* 216 AD2d 781).