OPINION OF THE COURT
John G. Connor, J.
Petitioner seeks an order pursuant to article 6 of the Civil Rights Law authorizing him to assume the name of “Timothy George Dunagan,” on the grounds that he wishes to honor his mother’s maiden name since she passed away in 1996. No other *212 rationale is given by petitioner. The Columbia County Sheriffs Department opposes the instant petition on the grounds that (1) the venue of the proceeding is improper, and (2) it would not be in the best interests of society to allow petitioner to change his name.
In general, in the absence of a demonstrable reason, an application for a name change should be granted by the court. (See, Matter of Madison, 261 AD2d 738 [3d Dept 1999].) Petitioner is presently serving a term of imprisonment of SVs to 25 years at the Hudson Correctional Facility for sodomy in the first degree; in 1987 petitioner was convicted of committing an act of sodomy upon his nephew, who was less than 12 years old at the time.
The issue here is whether, petitioner, a convicted sex offender, should be allowed to change his name or whether there is any reason the court should exercise its discretion to deny said application. The court scheduled a hearing, on notice to all affected agencies, to determine whether there is a reasonable objection to petitioner’s application. Petitioner argues that changing his name while incarcerated will not affect the Sex Offender Registration Act requirements, since he is still incarcerated and he will need to register under his new name upon his release. (See, Correction Law § 168 et seq.) Petitioner further contends that the Department of Correctional Services relies upon an inmate’s department identification number rather than his name for identification purposes and a person may change his name so long as there is no fraud, misrepresentation, or interference with the rights of others. (See, Civil Rights Law §60.)
Respondent, Columbia County Sheriff, argues that the venue of the instant matter is improper because petitioner’s incarceration in the Hudson Correctional Facility does not satisfy residency requirements for venue purposes. (See, Beckett v Beckett, 133 AD2d 968 [3d Dept 1987].) Respondent further contends that a name change is inappropriate since petitioner is a sex offender who has been convicted of a class B felony and “society at large has an interest in knowing who this gentleman is, where he is, and what his history is.”
Although it is true that upon his release petitioner would be forced to register as a sex offender using his new name, it is possible that those familiar with Timothy George Gutkaiss prior to his incarceration may not be alerted to his presence unless his name remains the same. People may change their appearance; if the court allows petitioner to change his name he may, *213 in effect, create a new identity for himself. The Sex Offender Registration Act is designed to protect unwary members of the public from convicted sex offenders. To allow sex offenders to change their names from that which they were called at the time of their crime would undermine the very purpose of the statute. (See, Correction Law § 168 et seq.)
Accordingly, in order to protect the rights and interests of the public, petitioner’s application for a name change is denied in its entirety.