2008-NMCA-105

190 P.3d 354

**In the Matter of the PETITION OF VARIABLE FOR CHANGE OF NAME, Petitioner–Appellant,**

v.

**District Court Judge Nan G. NASH, Respondent–Appellee.**

**No. 28,488.**

Court of Appeals of New Mexico.

June 27, 2008.

Variable, Los Alamos, NM, Pro Se Appellant.

Gary K. King, Attorney General, Santa Fe, NM, for Appellee.

## OPINION

FRY, Judge.

{1} Petitioner appeals the denial of his name change request. In our notice, we proposed to affirm. Petitioner has timely responded. Not persuaded by his arguments, we affirm.

{2} Petitioner filed a request in district court to change his name to "Fuck Censorship!" The district court denied the request stating that the "proposed name change would be obscene, offensive and

would not comport with common decency." This denial is consistent with our view as stated in *In re Mokiligon,* 2005–NMCA–021, ¶ 3, 137 N.M. 22, 106 P.3d 584, that courts may deny a name-change request when the choice of name is offensive to common decency and good taste. We review the district court's denial of the name-change request for abuse of discretion. *Id.* ¶ 2.

{3} Petitioner argues on appeal that he is entitled to call himself whatever he wishes. He argues that the First Amendment to the United States Constitution gives him that right and that it is improper government censorship to deny him that right.

{4} We do not believe that the district court's action infringes on Petitioner's right to free speech. Petitioner has a right under the common law to assume any name that he wants so long as no fraud or misrepresentation is involved. *In re Ferner,* 295 N.J.Super. 409, 685 A.2d 78, 80 (Ct. Law Div.1996); *In re Rivera,* 165 Misc.2d 307, 627 N.Y.S.2d 241, 244 (Civ.Ct.1995). He may do so without making any application to the state. Thus, under the common law, Petitioner may exercise his right to free speech and use any name at all. However, once Petitioner files an application for a name change pursuant to NMSA 1978, § 40–8–1 (1989), and seeks the approval of the courts for a name, it becomes the responsibility of the courts to ensure that there are no lawful objections to the name change. *See In re Mokiligon,* 2005–NMCA–021, ¶¶ 3–4, 137 N.M. 22, 106 P.3d 584 (requiring the court to show that lawful objections exist to the name change application); *Rivera,* 627 N.Y.S.2d at 244 (stating that petition for name change becomes subject to close scrutiny once court approval is sought).

{5} Petitioner may make a political statement by changing his name, but once he seeks the state's imprimatur he is subject to the court's discretion in granting the government's approval of the name. As the court in *Lee v. Ventura County Superior Court,* 9 Cal.App.4th 510, 11 Cal.Rptr.2d 763, 764 (1992), stated in denying the petition of Lee to change his name to "nigger," one has a common law right to assume any name, and a right to engage in a social experiment, but one does not have a right to require the state to participate in the experiment. Moreover, "the right of free speech is not absolute at all times and under all circumstances. There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Id.* at 767 (quoting *Chaplinsky v. New Hampshire,* 315 U.S. 568, 571–72, 62 S.Ct. 766, 86 L.Ed. 1031 (1942)).

{6} A name-change request made pursuant to statute gives the state the authority to place certain limits on the name by permitting the court to refuse the name when the applicant has an improper motive, when there is the possibility of fraud on the public, and when the choice of name is bizarre, unduly lengthy, ridiculous, or offensive to common decency and good taste. *See In re Mokiligon,* 2005–NMCA–021, ¶¶ 4–6, 8, 137 N.M. 22, 106 P.3d 584.

{7} We conclude that the district court did not abuse its discretion in finding that Petitioner's proposed name change "would be obscene, offensive and would not comport with common decency." Petitioner is entitled to assume whatever name he desires, absent fraud or misrepresentation, but any statutory name change will be subject to the district court's scrutiny. Here, as in *Lee,* "[s]ince [Petitioner's] common law right to use the [ ]name has not been abrogated ..., none of his First Amendment rights have been prejudiced." 11 Cal.Rptr.2d at 768.

{8} For the reasons stated herein and in the notice of proposed disposition, the denial of the petition for name change is affirmed.

{9} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge and RODERICK T. KENNEDY, Judge.