Cardona, PJ.
Motion pursuant to CPLR 5704 (a) to vacate an ex parte order of the Supreme Court (Tait, J.), entered May 9, 2008 in Broome County, which dismissed petitioner’s application for leave to assume another name.
*1110 Petitioner, a transgendered individual, was born a male but now identifies as a female. In October 2007, petitioner commenced this proceeding seeking to assume the name “Elisabeth Whitney Golden.” In response to a request from Supreme Court for further information, petitioner submitted an affidavit explaining, among other things, that a name change was sought because it corresponds with petitioner’s female gender identity. Included in the submission was an affidavit from petitioner’s spouse indicating that she supported the name change request and had no objection thereto. Supreme Court dismissed the petition, finding, among other things, that the proposed change from a traditionally male name to a traditionally female name “is fraught with possible confusion.” Petitioner now brings this application pursuant to CPLR 5704 (a) seeking review of Supreme Court’s ex parte order.
Upon examination of the record, we conclude that reversal is warranted. “Under the common law a person may change his or her name at will so long as there is no fraud, misrepresentation or interference with the rights of others” (Matter of Halligan, 46 AD2d 170, 171 [1974] [citations omitted]). Notably, the Civil Rights Law provides an additional method to accomplish this purpose “whereby a change of name is authorized by judicial proceedings” allowing it to be “speedy, definite and a matter of record” (Smith v United States Cas. Co., 197 NY 420, 429 [1910]; see Civil Rights Law art 6). Both the common law and statutory “procedures exist side by side supplementing each other” (Matter of Halligan, 46 AD2d at 171). In reviewing a petition requesting judicial authorization of a name change, courts must issue such relief if “satisfied . . . that the petition is true, and that there is no reasonable objection to the change of name proposed” (Civil Rights Law § 63). “Given this limited power of review, courts ordinarily grant petitions by adults unless there is a demonstrable reason not to do so” (Matter of Washington, 216 AD2d 781, 782 [1995] [citation omitted]; see Matter of Waters, 264 AD2d 910, 910 [1999]; Matter of Madison, 261 AD2d 738, 738-739 [1999]).
Here, the record shows that petitioner satisfied the technical requirements for a name change under the Civil Rights Law, which include, among other things, that the petition specify the grounds for the application and disclose pertinent background information (see Civil Rights Law § 61). Although Supreme Court properly noted the potential for confusion as a ground for denying the petition, that factor is not, standing alone, a basis to deny a petition inasmuch as “confusion is a normal concomitant of any name change” (Matter of Halligan, 46 AD2d at 172; *1111 see Matter of Alvarado, 166 AD2d 932, 932 [1990]). Thus, under the particular circumstances herein and in the absence of factors inferring “fraud, misrepresentation or interference with the rights of others” (Matter of Halligan, 46 AD2d at 171; see Smith v United States Cas. Co., 197 NY at 428-429), we conclude that the petition should be granted.
Finally, in remitting the matter to Supreme Court for issuance of the appropriate order, we note that the language employed therein should specifically set forth that the name change order cannot be used as evidence that the gender of petitioner has been changed from male to female.
Spain, Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the motion is granted, without costs, application for leave to assume another name granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.