[891 NYS2d 220]

In the Matter of LEAH URI WINN-RITZENBERG, for Leave to Change His/Her Name To OLIN YURI WINN-RITZENBERG, Appellant.

Supreme Court, Appellate Term, First Department, October 21, 2009

### APPEARANCES OF COUNSEL

*Brenna K. DeVaney, Benjamin P. Edwards, Daniel M. Gonen* and *Janson Mao*, and *Transgender Legal Defense & Education Fund*, New York City (*Michael D. Silverman* and *M. Dru Levasseur* of counsel), for appellant. *Elizabeth Cooper, Suzanne B. Goldberg, Zachary A. Kramer, Sylvia A. Law* and *Dean Spade*, and *Debevoise & Plimpton LLP*, New York City (*Maeve O'Connor* and *Andrew Gilden* of counsel), and *Lambda Legal Defense and Education Fund*, New York City (*Hayley Gorenberg* and *Cole Thaler* of counsel), amici curiae.

### OPINION OF THE COURT

Per Curiam.

Appeal from order, dated February 27, 2009, deemed an application by petitioner for review pursuant to CPLR 5704 (b) (*see Matter of Washington*, 216 AD2d 781 [1995]), and so considered, order reversed, without costs, and the matter remitted to Civil Court for entry of an order granting the petition consistent herewith.

We exercise our discretion under CPLR 5704 (b) and grant the transgendered petitioner's application for a name change corresponding with petitioner's male gender identity. The record shows that petitioner satisfied the requirements for a name change under section 61 of the Civil Rights Law by specifying the grounds for the application and disclosing pertinent background information (*see Matter of Golden*, 56 AD3d 1109

[2008]). In the absence of evidence of fraud, misrepresentation, or interference with the rights of others, the name change petition should have been granted (*see Matter of Halligan*, 46 AD2d 170, 171-172 [1974]). There is no sound basis in law or policy to engraft upon the statutory provisions an additional requirement that a transgendered petitioner present medical substantiation for the desired name change. "Apart from the prevention of fraud or interference with the rights of others, there is no reason—and no legal basis—for courts to appoint themselves the guardians of orthodoxy in such matters" (*Matter of Guido*, 1 Misc 3d 825, 828 [2003]). In granting petitioner's application, we do not address the separate issue of whether petitioner has changed gender for legal purposes (*see Matter of Golden*, 56 AD3d at 1111; *see also Matter of Anonymous*, 64 Misc 2d 309, 310 [1970]).

McKEON, P.J., SCHOENFELD and SHULMAN, JJ., concur.