■ In the Matter of JHIRARD TAHIEM POWELL, Appellant. [945 NYS2d 789]—

Mercure, J. (1) Appeal from an order of the Supreme Court (O'Shea, J.), entered August 29, 2011 in Chemung County, which denied petitioner's application to assume another name, and (2) motion pursuant to CPLR 5704 (a) to vacate such order.

Petitioner, a prison inmate who was born male but self-identifies as female, commenced a proceeding for a legal name change to Shaniece Nyasia Powell. Although there was no objection by the parties required to be notified, Supreme Court

denied the application, prompting petitioner's appeal.* We now reverse.

A court's authority to review an application for a name change is limited; if "the petition is true, and . . . there is no reasonable objection to the change of name proposed, . . . the court *shall* make an order authorizing the petitioner to assume the name proposed" (Civil Rights Law § 63 [emphasis added]; *see Matter of Golden*, 56 AD3d 1109, 1110 [2008]; *Matter of Washington*, 216 AD2d 781, 782 [1995]). Petitioner's application satisfied the formal requirements of the Civil Rights Law and, accordingly, should have been granted absent "a demonstrable reason" necessitating its denial (*Matter of Washington*, 216 AD2d at 782; *see* Civil Rights Law §§ 61, 62 [2]; *Matter of Austin*, 295 AD2d 721, 722 [2002]). Supreme Court denied the application on the grounds that the risk of confusion and deception was high, and there was no evidence demonstrating that "petitioner . . . has undergone sex-reassignment surgery." In our view, those grounds are insufficient to warrant denial.

Confusion is attendant to any change of name and does not, in itself, justify denial (*see Matter of Golden*, 56 AD3d at 1110; *Matter of Alvarado*, 166 AD2d 932 [1990]). Nor is the lack of medical evidence relevant inasmuch as petitioner seeks only to assume a different name, not a declaration of a gender "change[ ] from male to female" (*Matter of Guido*, 1 Misc 3d 825, 828 [2003]; *see Matter of Winn-Ritzenberg*, 26 Misc 3d 1, 3 [2009]; *but see Matter of Anonymous*, 155 Misc 2d 241, 242 [1992]; *Matter of Anonymous*, 153 Misc 2d 893, 894-895 [1992]). Notably, "[t]he law does not distinguish between masculine and feminine names, which are a matter of social tradition" (*Matter of Guido*, 1 Misc 3d at 828). Moreover, although petitioner is in prison, the District Attorney who prosecuted him, the court that sentenced him, and the agency that incarcerates him have all been put on notice of this application and have no objection to it (*see* Civil Rights Law § 62 [2]). Under these circumstances,

* In addition to filing a notice of appeal, petitioner also sought review from this Court pursuant to CPLR 5704 (a), which governs review of ex parte orders. Petitioner is incarcerated as the result of a conviction for a violent felony offense, however, and placed several parties on notice of the present proceeding as required by Civil Rights Law § 62 (2). Supreme Court's order was thus made upon notice and a direct appeal was available to petitioner as of right (*see* CPLR 5701 [a] [2]; *see also Matter of Altheim*, 12 AD3d 993 [2004]; *see generally Matter of Eberhardt*, 83 AD3d 116 [2011]). Our prior decisions requiring incarcerated name change applicants to proceed under CPLR 5704 are not to the contrary, inasmuch as they involve petitions filed prior to the effective date of Civil Rights Law § 62 (2) (*see* L 2000, ch 549, §§ 2, 7; *Matter of Austin*, 295 AD2d 721, 722 n [2002] [involving a name change application filed in 2000]).

and absent any indication of fraud, misrepresentation or intent to interfere with others' rights, we conclude that the petition should have been granted (*see Matter of Golden*, 56 AD3d at 1111; *Matter of Austin*, 295 AD2d at 722; *Matter of Waters*, 264 AD2d 910, 910 [1999]).

Peters, P.J., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Ordered that the motion to vacate pursuant to CPLR 5704 (a) is denied, as academic, without costs.

