# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**426**

**CA 12-02056**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF ANONYMOUS, PETITIONER-APPELLANT.

----------------------------------------------------- MEMORANDUM AND ORDER

MONROE COUNTY DISTRICT ATTORNEY'S OFFICE,
RESPONDENT-RESPONDENT.

---

HARTER SECREST & EMERY LLP, ROCHESTER (JULIA GREEN SEWRUK OF COUNSEL),
FOR PETITIONER-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered May 2, 2012. The order denied the amended petition for an order authorizing a name change.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the amended petition is reinstated, and the matter is remitted to Supreme Court, Monroe County, for a hearing in accordance with the following Memorandum: Petitioner, a parolee, appeals from an order denying petitioner's amended petition, which requested an order authorizing a name change. The order denied the amended petition with leave to renew upon the submission of psychological and medical proof and upon completion of petitioner's parole supervision. Upon reviewing such a petition, if Supreme Court "is satisfied . . . that the petition is true, and that there is no reasonable objection to the change of name proposed, . . . the court *shall* make an order authorizing the petitioner to assume the name proposed" (Civil Rights Law § 63 [emphasis added]; *see Matter of Golden*, 56 AD3d 1109, 1110). Given the limited power to review such petitions, "courts ordinarily grant such petitions by adults unless there is a demonstrable reason not to do so" (*Matter of Washington*, 216 AD2d 781, 782). Inasmuch as the petition and amended petition contained inconsistent information regarding the proposed name that petitioner allegedly had been using for the past 10 years such that it was unclear on the face of the amended petition that the allegations therein were true (*see* § 63; *cf. Matter of Powell*, 95 AD3d 1631, 1632), we conclude that petitioner was not entitled to an order summarily granting the amended petition (*see* CPLR 409). In addition, because petitioner raised an issue of fact as to the reasonableness of respondent's objection to the requested name change, the court erred in summarily denying the amended petition, and instead should have conducted a hearing (*see generally Matter of Eberhardt*, 83 AD3d 116, 121-122; *Washington*, 216 AD2d at 782).

Finally, we agree with petitioner that the court erred in requiring him to provide psychological and medical proof in support of the amended petition; such proof is irrelevant when the petitioner seeks only to assume a different name, "not a declaration of a gender 'change[] from male to female' " (*Powell*, 95 AD3d at 1632).  Here, petitioner has not requested a declaration regarding gender, but by the amended petition has asked the court "only to sanction legally petitioner's desire for a change of name, after satisfying itself that petitioner has no fraudulent purpose for doing so and that no other person's rights are interfered with thereby" (*Matter of Guido*, 1 Misc 3d 825, 828).  As the court in *Guido* wrote, "[t]he law does not distinguish between masculine and feminine names, which are a matter of social tradition.  Some names are traditionally associated with one gender; some with the other; some with either.  And . . . the gender association of some names has changed over time.  Apart from the prevention of fraud or interference with the rights of others, there is no reason—and no legal basis—for the courts to appoint themselves the guardians of orthodoxy in such matters" (*id.*; *see Powell*, 95 AD3d at 1632).  With respect to the further condition imposed by the court upon renewal, concerning parole supervision, the parties agree that petitioner satisfied that condition.  We therefore reverse the order, reinstate the amended petition and remit the matter to Supreme Court for a hearing consistent with our decision (*see generally Eberhardt*, 83 AD3d at 118).

Entered:  May 3, 2013                        Frances E. Cafarell
                                             Clerk of the Court