Stein, J.P
Appeal from an order of the Supreme Court (Reilly Jr., J), entered June 12, 2013 in Schenectady County, which, in a proceeding pursuant to Mental Hygiene Law article 10, among other things, denied respondent’s motion to dismiss the petition.
Respondent,[1] a dual United States and Israeli citizen, is a detained sex offender in the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) with *1030 a history of sex offenses against children.[2] In 1992, respondent pleaded guilty to sodomy in the first degree in satisfaction of an indictment charging him with, among other things, in excess of 30 counts of various sex crimes against children between the ages of 6 and 14 years old. For this conviction, respondent received a prison sentence of 10 to 20 years and was conditionally released in November 2004. While on parole, respondent absconded to Southeast Asia for approximately 11 months before being apprehended and extradited to New York.[3] He subsequently admitted to violating his parole and was returned to DOCCS’s custody.
In September 2010, the DOCCS Sex Offender Management Unit gave notice of respondent’s anticipated release to the Attorney General and the Commissioner of Mental Health pursuant Mental Hygiene Law § 10.05 (b), for review by a case review team. Following a psychiatric evaluation, respondent was found to have a mental abnormality as defined in Mental Hygiene Law § 10.03 (i) and the case review team determined that he is a sex offender requiring civil management pursuant to the Sex Offender Management and Treatment Act (see Mental Hygiene Law art 10 [hereinafter SOMTA]; Mental Hygiene Law § 10.05 [g]). In April 2012, petitioner commenced this proceeding seeking a judicial determination that respondent is a detained sex offender requiring civil management pursuant to SOMTA (see Mental Hygiene Law §§ 10.03 [q]; 10.06 [a]). After a hearing, Supreme Court (Ryan, J.) determined that there was probable cause to believe that respondent is a detained sex offender requiring civil management (see Mental Hygiene Law § 10.06 [g], [k]) and directed that, upon his release from DOCCS’s custody, respondent be committed to a secure treatment facility or remain in DOCCS’s custody pending further proceedings (see Mental Hygiene Law § 10.06 [k]).[4]
Shortly after the SOMTA proceeding was commenced, respondent sent correspondence to various federal officials, including the director of United States Citizenship and Immigration Services (hereinafter USCIS), wherein he “formally requested] renunciation of [his] citizenship in the United States . . . pursuant to ... 8 USC § 1481 (a) (6).” Before the SOMTA trial *1031 commenced, respondent moved for, among other things, an order dismissing the petition “in favor of respondent’s departure from the United States,” based upon his stated intention of emigrating to Israel. Supreme Court, among other things, denied respondent’s motion to dismiss.[5] Respondent now appeals and we affirm.
Respondent contends that the instant SOMTA proceeding unduly obstructs his fundamental right of expatriation — which he argues includes a right to renounce his citizenship and depart the United States — and violates his right to substantive due process.[6] Additionally, respondent claims that this proceeding violates his right to equal protection, inasmuch as the state treats deportable sex offenders differently from sex offenders such as him who seek to expatriate, by deporting alien sex offenders at or prior to the completion of their sentences, as opposed to subjecting them to civil management (see generally Executive Law § 259-i [2] [d]). In our view, none of the aforementioned arguments provides a meritorious basis for dismissal of the SOMTA proceeding.
It is well established that “Congress has broad authority to set the conditions and procedures that an individual must satisfy in order to renounce his [or her] citizenship” (Weber v United States Dept. of State, 885 F Supp 2d 46, 53 n 10 [2012] [internal quotation marks and citation omitted]; see Koos v Holm, 204 F Supp 2d 1099, 1107 [2002]), and federal law in this area is preemptive (see Matter of Aliessa v Novello, 96 NY2d 418, 429 n 12 [2001]; US Const. art I, § 8, cl 4; Arizona v United States, 567 US —, —, 132 S Ct 2492, 2493 [2012]). In accord with its authority, Congress enacted 8 USC § 1481, which, in relevant part, provides that “[a] person who is a national of the United States whether by birth or naturalization, shall lose his [or her] nationality by voluntarily performing [certain enumerated] acts with the intention of relinquishing United States nationality” (8 USC § 1481 [a]; see Weber v United States Dept. of State, 885 F Supp 2d at 50]). A citizen seeking to renounce his or her nationality must make an application therefor and, generally, must be outside the United States to do so (see United States Department of State, Bureau of Consular Affairs, http:// travel.state.gov/content/ travel/english/legal-considerations/uscitizenship-laws-policies/renunciation-of-citizenship.html [accessed June 16, 2014]). To this end, respondent argues that the *1032 SOMTA petition must be dismissed so that he may be released from DOCCS’s custody in order to leave the United States and return to Israel, where he will effectuate his expatriation pursuant to 8 USC § 1481 (a) (2).[7]
We flatly reject this argument, which presupposes, among other things, that respondent would actually exit this country if he were released from custody.[8] Even if he did leave, the state is not required to bear the risk that petitioner — an experienced international fugitive — would not return to New York thereafter. In any event, at this juncture, respondent remains a United States citizen confined in New York who is a sex offender alleged to have a mental abnormality and in need of civil management, and petitioner continues to have a legitimate interest in protecting society from the risks he poses.[9]
Further, respondent asserts no persuasive legal authority for the proposition that he has a fundamental right to expatriate, including the right to emigrate to Israel. Even assuming that such a fundamental right exists, petitioner’s infringement thereof through this SOMTA proceeding is “narrowly tailored to achieve a compelling state interest” (Hernandez v Robles, 7 *1033 NY3d 338, 380 [2006, Kaye, Ch. J., dissenting]; see Samuels v New York State Dept. of Health, 29 AD3d 9, 13 [2006], affd 7 NY3d 338 [2006]) — to protect society from the significant danger posed by sex offenders with an alleged mental abnormality in need of civil management and to afford them access to appropriate modes of treatment (see Mental Hygiene Law § 10.01 [a], [b], [c], [f]; Matter of State of New York v Floyd Y., 22 NY3d 95, 103 [2013]) — and, thus, does not offend due process. Given that respondent has not yet effectively renounced his citizenship in accord with the procedures proscribed by Congress, any claim that such renunciation impacts petitioner’s interest in his civil confinement is, at best, premature.
To the extent not specifically addressed herein, respondent’s remaining contentions have been considered and are lacking in merit.
McCarthy, Egan Jr. and Lynch, JJ, concur.
Ordered that the order is affirmed, without costs.

. Although respondent initially requested that he be assigned a fictitious name, he subsequently withdrew that request.

. In 1983, respondent — who was then a licensed pediatric psychiatrist— was convicted in Maryland of a sexual offense against a 12-year-old patient and also offended against the victim’s eight-year-old brother.

. Respondent fled to Southeast Asia with a stolen British passport and, while there, was allegedly involved with a “stable” of young male children.

. Respondent consented to remain in DOCCS’s custody pending resolution of the proceeding.

. However, Supreme Court granted respondent’s motion for an order directing DOCCS to produce him at a USCIS office.

. Respondent also asserts that the state’s right to confine him civilly ceases as a result of his expatriation.

. Under this provision, an individual may renounce his or her citizenship by “taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state or a political subdivision thereof, after having attained the age of eighteen years” (8 USC § 1481 [a] [2]). Respondent also sought to renounce his citizenship pursuant to 8 USC § 1481 (a) (6) by sending a notarized letter to USCIS in which he expressed his desire to divest himself of his United States citizenship and swore an oath of allegiance to Israel. USCIS responded by informing respondent that a person seeking to renounce his or her citizenship while present in the United States must appear for an interview at a USCIS office and “demonstrate that all the legal requirements for renunciation of citizenship . . . have been met,” including the “ability and intention to depart the [United States] immediately upon having [his] renunciation request granted.” Although Supreme Court directed DOCCS to produce respondent at a USCIS office, USCIS has apparently not answered respondent’s request for an appointment and, thus, there has been no determination by USCIS with respect to respondent’s renunciation request under this statute.

. To the extent that respondent suggests that he would depart the United States “in accordance with a court approved plan,” we need only note that this Court has no jurisdiction over issues regarding removal of a citizen from the country. Notably, respondent’s United States and Israeli passports have been confiscated by the United States Marshall, preventing his ability to travel outside the country. Moreover — and as previously mentioned — the last time respondent was at liberty, he violated the terms of his parole.

. Inasmuch as respondent is not an alien sex offender, his equal protection claim is unavailing, as he has failed to establish selective treatment of persons similarly situated (see Matter of State of New York v Myron P., 20 NY3d 206, 211-212 [2012]; Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 492-493 [2009]).