# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**429**

**CA 15-01508**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF ROBERT L. GLANOWSKI,
PETITIONER-APPELLANT.

-----------------------------------------

FRANK A. SEDITA, III, DISTRICT ATTORNEY,
ERIE COUNTY, RESPONDENT-RESPONDENT.

MEMORANDUM AND ORDER

---

SUSAN HAZELDEAN, CORNELL LAW SCHOOL CLINICAL PROGRAMS, ITHACA, FOR
PETITIONER-APPELLANT.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L.
Michalski, A.J.), entered December 2, 2014.  The order denied the
petition for a name change.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner appeals from an order denying a petition
for a change of name.  Supreme Court properly denied the petition.
The record establishes that petitioner is under postrelease
supervision after being released from incarceration on a conviction of
first-degree rape of a child.  Petitioner remains subject to a 16-year
order of protection and sex offender registration under petitioner's
current legal name.  The court that denied the petition is the same
court that had sentenced petitioner on the conviction, and the
proposed name change is further objected to by the office of the Erie
County District Attorney, which prosecuted petitioner.  We conclude
that the name change would create record-keeping problems for law
enforcement officials and would create potential danger to the victim
and the general public (*see Matter of Holman*, 217 AD2d 1012, 1012;
*Matter of Gutkaiss*, 11 Misc 3d 211, 212-213; *see also United States v
Duke*, 458 F Supp 1188, 1188-1189; *see generally Matter of Powell*, 95
AD3d 1631, 1632; *Matter of Washington*, 216 AD2d 781, 781).  Under the
circumstances, the court was properly "satisfied . . . that there is
[a] reasonable objection to the change of name" and hence a
"demonstrable reason not to" grant the petition (*Matter of Anonymous*,
106 AD3d 1503, 1503 [internal quotation marks omitted]; *see
Washington*, 216 AD2d at 782; *see generally* Civil Rights Law § 63).

Entered:  June 10, 2016

Frances E. Cafarell
Clerk of the Court