Matter of Keis (2019 NY Slip Op 04944)





Matter of Keis


2019 NY Slip Op 04944


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-04872
2018-04873
 (Index No. 163/18)

[*1]In the Matter of Ariel Keis, appellant.


Ariel Keis, Patchogue, NY, appellant pro se.



DECISION & ORDER
In a proceeding, inter alia, pursuant to Civil Rights Law article 6 for leave to change the petitioner's name, the petitioner appeals from two ex parte orders of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), both dated February 16, 2018. The orders, insofar as appealed from, denied that branch of the ex parte petition which was to change the petitioner's race/nationality.
ORDERED that on the Court's own motion, the appeals from so much of the orders as denied that branch of the ex parte petition which was to change the petitioner's race/nationality are deemed applications pursuant to CPLR 5704(a) to modify those portions of the orders, and the applications are denied.
The petitioner, a United States citizen, commenced this proceeding pursuant to Civil Rights Law article 6 to change his name and to change his race/nationality from "black/African American" to "Moor/Americas Aboriginal." The Supreme Court, by two ex parte orders, both dated February 16, 2018, granted that branch of the ex parte petition which was to change the petitioner's name, but denied that branch of the ex parte petition which was to change the petitioner's race/nationality. The petitioner appeals.
An ex parte order is not appealable (see CPLR 5704; Tsionis v Eriora Corp., 123 AD3d 694, 694; Aurora Loan Servs., LLC v Sobanke, 101 AD3d 1065, 1065). However, under the circumstances of this case, we deem it appropriate to treat the instant notices of appeal as applications for review pursuant to CPLR 5704(a) (see Matter of Austin, 295 AD2d 721, 722 n; see also Matter of Alvarado, 166 AD2d 932).
We agree with the Supreme Court's denial of that branch of the petition which was to change the petitioner's race/nationality, as the petitioner presented no authority for the court to grant him such relief. Article 6 of the Civil Rights Law, which governs petitions for leave to assume another name, does not provide such authority. Further, a person's race is a matter of self-identification. As to nationality, the sole means by which the petitioner may renounce his nationality as a United States citizen is to satisfy one of the conditions set forth in 8 USC § 1481(a) (see Matter of State of New York v Horowitz, 119 AD3d 1029, 1031). The petitioner made no showing that he met any of these conditions.
The petitioner's remaining contention is without merit.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court